IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: T-MOBILE CUSTOMER DATA SECURITY BREACH LITIGATION, | ) ) ) ) | MDL No. 3019 |
| | ) | Master Case No. 4:21-MD-03019-BCW |
| ALL ACTIONS | ) | |

**ORDER SETTING INITIAL PRETRIAL CONFERENCE AND GENERAL ORDER ON PRACTICE AND PROCEDURE**

**1.** The Judicial Panel on MultiDistrict Litigation has designated this Court as the transferee court for MDL No. 3019, In re: T-Mobile Customer Data Security Breach Litigation. The following actions were transferred to this Court pursuant to 28 U.S.C. § 1407 for coordinated and/or consolidated pretrial proceedings:

4:21-CV-00851-BCW, Henry Thang et al. v. T-Mobile US, Inc., C.A.

4:21-CV-00852-BCW, Stephen J. Vash, et al. v. T-Mobile US, Inc. C.A.

4:21-CV-00853-BCW, Edmund Metzger, et al. v. T-Mobile USA, Inc., C.A.

4:21-CV-00854-BCW, Veera Daruwalla, et al. v. T-Mobile USA, Inc., C.A.

4:21-CV-00855-BCW, Stephanie Espanoza, et al. v. T-Mobile USA, Inc., C.A.

4:21-CV-00872-BCW, Lourdes Galvez-Gavan v. T-Mobile USA Inc.

4:21-CV-00873-BCW, David H. Feinberg, et al. v. T-Mobile, Inc.

4:21-CV-00874-BCW, Aaron Avrech, et al. v. T-Mobile USA, Inc.

4:21-CV-00875-BCW, Audreana Lauren Lang v. T-Mobile USA Inc.

4:21-CV-00876-BCW, Vagish Shanmukh v. T-Mobile USA, Inc.

4:21-CV-00877-BCW, Alexis Lomax v. T-Mobile USA Inc.

4:21-CV-00878-BCW, Norma Savich, et al. v. T-Mobile USA Inc.

4:21-CV-00879-BCW, Hassan Sadrgilany, et al. v. T-Mobile USA, Inc.

4:21-CV-00880-BCW, Raymond Christie v. T-Mobile USA Inc.

1

4:21-CV-00881-BCW, Ivette Delerme, et al. v. T-Mobile USA Inc.

4:21-CV-00882-BCW, Jose Palomino, et al. v. T-Mobile USA Inc.

4:21-CV-00883-BCW, Tiffany Benson v. T-Mobile USA Inc.

4:21-CV-00884-BCW, Stephanie Peralta, et al v. T-Mobile USA Inc.

4:21-CV-00885-BCW, David Winkler, et al. v. T-Mobile USA Inc.

4:21-CV-00886-BCW, Leon Carp, et al. v. T-Mobile USA Inc.

4:21-CV-00887-BCW, Crystal Lam, et al. v. T-Mobile USA Inc.

4:21-CV-00888-BCW, Deirdre C. Donovan, et al. v. T-Mobile USA Inc.

4:21-CV-00889-BCW, Franklin Hughes, et al. v. T-Mobile USA Inc.

4:21-CV-00890-BCW, Ania Villalon, et al. v. T-Mobile USA Inc.

4:21-CV-00891-BCW, Randall Norris, et al. v. T-Mobile USA Inc.

4:21-CV-00892-BCW, Valerie Rogoff v. T-Mobile USA Inc.

4:21-CV-00894-BCW, Michael Harper, et al. v. T-Mobile US, Inc.

4:21-CV-00895-BCW, Timothy Akins, et al. v. T-Mobile USA Inc.

4:21-CV-00896-BCW, Daniel Simaan, et al. v. T-Mobile USA Inc.

4:21-CV-00897-BCW, Alexis Huerta v. T-Mobile USA Inc.

4:21-CV-00898-BCW, Devon Avery, et al. v. T-Mobile USA Inc.

4:21-CV-00899-BCW, Sheila Hamilton-Bynum v. T-Mobile USA Inc.

4:21-CV-00900-BCW, Daniel Strenfel, et al. v. T-Mobile USA Inc.

4:21-CV-00901-BCW, Richard Halpern, et al. v. T-Mobile USA Inc.

4:21-CV-00902-BCW, Mark Glinoga, et al. v. T-Mobile USA Inc.

4:21-CV-00903-BCW, Talessa Billups, et al. v. T-Mobile USA Inc.

4:21-CV-00904-BCW, Matthew Brackman, et al. v. T-Mobile USA Inc.

4:21-CV-00905-BCW, Dinah Augustin, et al. v. T-Mobile USA Inc.

4:21-CV-00906-BCW, John G. Cooke, et al. v. T-Mobile USA Inc.

4:21-CV-00907-BCW, Jack Precour, et al v. T-Mobile USA Inc.

4:21-CV-00908-BCW, Linda Song, et al. v. T-Mobile USA Inc.

4:21-CV-00918-BCW, Richard Wellman v. T-Mobile USA Inc.

This Order will also apply to any related actions later filed in or removed to this Court, and any actions later transferred to this MDL docket, including those cases listed[1] in the Conditional Transfer Orders on file as of the date of this Order (Docs. #2, #3) which have, as of the date of this Order, not yet been assigned a case number in the Western District of Missouri.

These cases are consolidated for pretrial purposes only.

The Clerk of the Court will maintain a master docket with a single docket number and master record under the style In re: T-Mobile Customer Data Security Breach Litigation, MDL 3019, Master Case No. 4:21-MD-03019-BCW.

When an order, pleading, motion, or other document is filed and docketed in the master docket, it shall be deemed filed and docketed in each individual case to the extent applicable. To ensure that all documents are accurately filed, counsel shall select the master MDL case number in association with filings. The caption of any order, pleading, or other document shall contain a notation indicating whether the document relates to all cases or only to specified cases within MDL 3019. If a document generally applies to all cases within MDL 3019, the caption shall include the notation of "ALL ACTIONS." If a document applies to fewer than all cases within MDL 3019, the caption shall include the specific case number assigned in the United States District Court for the Western District of Missouri and shall also identify the name(s) of the individual case(s) to which it applies, in addition to "MDL 3019" and the master case number and name. Additionally,

---

[1] Achermann v. T-Mobile USA, Inc. (motion opposing consolidation and transfer pending before the JPMDL); Schupler v. T-Mobile USA Inc.

3

if a document applies to fewer than all cases within MDL 3019, the case number(s) to which the filing applies shall be indicated in the docket entry text with the electronically filed document.

In addition to the electronic docket sheet for master case MDL 3019, parties and counsel may reference the Court's website for information pertaining to (1) other MDL proceedings in this jurisdiction at https://www.mow.uscourts.gov/mdl-cases; and (2) MDL 3019 specifically, available at http://www.mow.uscourts.gov/judges/wimes, through which the Court will provide pertinent contact information and general case updates, including Orders and upcoming hearings.

**2.** Proceedings and all items filed shall comply with the Western District of Missouri Local Rules. For convenience, the Local Rules are posted on the Court's website at www.mow.uscourts.gov.

**3.** Appended to this Order is the "Tenets of Professional Courtesy" adopted by the Kansas City Metropolitan Bar Association. COUNSEL SHOULD BE AWARE THAT THE COURT EXPECTS ADHERENCE TO THE TENETS BY ATTORNEYS APPEARING IN THIS DIVISION. FURTHER, THE COURT BELIEVES IT TO BE IN THE INTEREST OF ALL CONCERNED FOR PARTIES TO BE AWARE OF THE COURT'S EXPECTATION. TO THAT END, COUNSEL SHALL FORWARD A COPY OF THE TENETS TO ALL CLIENTS INVOLVED IN THIS ACTION.

**4.** All papers filed with the Court must be filed electronically via the CM/ECF system. Information on electronic filing procedures is available on the Court's website at www.mow.uscourts.gov or at http://ecf.mowd.uscourts.gov. Attorneys are directed to refer to the CM/ECF Civil and Administrative Procedures Manual for instructions regarding the handling of exhibits. To create a CM/ECF account you must fill out the application found at www.mow.uscourts.gov/court/ecfregform.pdf and send it in to the appropriate address found on the form.

**5.** Attorneys are advised to review the docket to ensure their appearances have been properly entered. If an attorney is not listed on the docket, he or she should file a notice of appearance in MDL No. 3019. Motions to appear pro hac vice are not required. Any attorney not listed on the docket sheet and not registered to use the electronic filing system will not receive notice from the Clerk's Office of orders and other documents by the Court.

**6.** All submissions to the Court shall be in the form of motions; captioned, filed, and served as set forth in this Order. Notices of motions shall not be filed. Counsel are advised that the Court does not wish to receive courtesy copies of motions and other filings, except for dispositive motions and the respective responses. Rulings on non-dispositive motions will be expedited if a proposed order is provided to the Court. The proposed order should be typed in Word format and e-mailed to the Courtroom Deputy.

**7.** No motion shall be filed under Federal Rule of Civil Procedure 11, 12, or 56 without leave of Court. <u>Any motion that does not comply with the page limitation(s) set forth by Local Rule shall be stricken unless prior leave of Court to exceed the limit has been granted</u>.

**8.** The parties shall preserve all documents and records containing relevant information, including any electronically-stored information potentially relevant to the subject of this litigation.

**9.** For the parties' planning purposes, it is the Court's intent to stay discovery until after the Court appoints lead counsel and the Master Complaint is filed. The Master Complaint shall be filed within 45 days of the Court's Order appointing lead counsel

**10.** This matter is set for an initial pretrial conference on **Tuesday, January 25, 2022 at 10:00 a.m. CST.** The initial pretrial conference shall be held by video conference call. The Courtroom Deputy shall arrange participation by emailing a video conference link to counsel by no later than 5:00 p.m. on Monday, January 24, 2022.

All counsel who have entered an appearance on behalf of a party in one of the actions consolidated into MDL 3019 may participate and appear by video for the initial pretrial conference. Not all counsel who have entered an appearance need participate in the initial pretrial conference; rather, parties with similar interests may and are encouraged to agree to be represented at the initial pretrial conference by a single attorney. However, the Court will later entertain motions for appointment as lead counsel **only** from counsel who, among other requirements, participated in the initial pretrial conference.

All counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth and be prepared at the initial pretrial conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation.

In advance of the initial pretrial conference, counsel for all involved parties shall meet, confer, and seek consensus on a jointly proposed agenda for the initial pretrial conference. **The parties shall file in MDL 3019 a "Joint Proposed Agenda for the Initial Pretrial Conference" by January 18, 2022.** The parties' **Joint Proposed Agenda** shall include the following:

> **a.** A proposed discovery plan, including an estimated timeline for completing fact discovery, including expert discovery and a general plan for electronically-stored information, in less than 15 months;
>
> **b.** Any motions anticipated and a proposed timetable for filing and briefing;
>
> **c.** A list of companies and counsel associated with the party (to assist the Court in addressing any recusal or disqualification questions);
>
> **d.** A list of any pending motions that were filed before consolidation into MDL 3019, and the case name under which the motion was originally filed;
>
> **e.** A recommendation for counsels' leadership structure, the need for any steering committee and/or any liaison and/or any coordinating counsel;

**f.** A recommendation for a reasonable deadline by which the Court should require any counsel interested in a leadership position to file his or her motion for appointment;[2] and

**g.** A list of any issues or questions presented by MDL 3019 not otherwise within the scope of the proposed agenda items listed above.

**11.** In addition to the Joint Proposed Agenda described above, each side shall submit to the Court by email through the Courtroom Deputy at Christy_Anderson@mow.uscourts.gov a **Preliminary Report**. <u>Plaintiffs shall collectively submit one Preliminary Report. Defendants shall collectively submit one Preliminary Report.</u> **The Preliminary Report should be emailed to the Court only and will be reviewed in chambers and kept confidential. Counsel need not provide a copy of the same to opposing counsel because the Preliminary Reports are for internal chambers purposes only**

By **12:00 p.m. CST on Friday, January 21, 2022**, counsel for Plaintiffs and counsel for Defendants shall email to the Court their respective Preliminary Reports, containing a concise written report indicating their preliminary understanding of the facts involved in the litigation and what they expect to be the critical factual and legal issues. The Preliminary Report should not be used to argue the party's case or to present all possible legal theories. Instead, the parties should apprise the court of the case and current issues affecting trial preparation. **These statements will**

---

[2] For purposes of the initial pretrial conference, the parties need only propose a deadline by which any interested counsel should file his or her motion for appointment to a leadership position. To assist the parties in offering a proposed deadline for which interested counsel should file their motions for appointment to a leadership position, the Court will consider the following factors in appointing lead or leadership counsel: counsel's willingness and ability to commit to a time-consuming process, counsel's ability to work cooperatively, any professional experience in litigation of this type, existing access to resources to advance the litigation in a timely manner, and contribution to a leadership team that adequately reflects the diversity of legal talent available and the requirements of the case and ***<u>achieves diversity pertaining to gender, national origin, geography, years of practice, age, and other factors.</u>***

7

**not be filed with the Clerk of the Court, will not be binding, will not waive other claims or defenses, may not be offered in evidence against a party in later proceedings, and should not be presented as argument.** Accordingly, it is hereby

ORDERED this matter is set for an initial video conference on **Tuesday, January 25, 2022 at 10:00 a.m. CST.** The Courtroom Deputy shall arrange participation in the video conference by emailing a link to counsel no later than 5:00 p.m. CST on Monday, January 24, 2022. It is further

ORDERED discovery is STAYED until further order of this Court. It is further

ORDERED **the parties shall file, after seeking consensus through the meet and confer process, a "Joint Proposed Agenda for the Initial Pretrial Conference" by January 18, 2022.** It is further

ORDERED Plaintiffs and Defendants shall each email to the Court through Christy_Anderson@ mow.uscourts.gov not later than **12:00 p.m. CST on Friday, January 21, 2022 a Preliminary Report.** The Court anticipates one Preliminary Report per side. The Preliminary Report shall be *concise*, shall be submitted to the Court only by email, shall be kept confidential, and shall be used only for internal chambers purposes.

IT IS SO ORDERED.


DATE: December 22, 2021      /s/ Brian C. Wimes
                                                              JUDGE BRIAN C. WIMES
                                                              UNITED STATES DISTRICT COURT

# TENETS OF PROFESSIONAL COURTESY

**I**
**A LAWYER SHOULD NEVER KNOWINGLY DECEIVE ANOTHER LAWYER.**

**II**
**A LAWYER SHOULD HONOR PROMISES OR COMMITMENTS MADE TO ANOTHER LAWYER.**

**III**
**A LAWYER SHOULD MAKE ALL REASONABLE EFFORTS TO SCHEDULE MATTERS WITH OPPOSING COUNSEL BY AGREEMENT.**

**IV**
**A LAWYER SHOULD MAINTAIN A CORDIAL AND RESPECTFUL RELATIONSHIP WITH OPPOSING COUNSEL.**

**V**
**A LAWYER SHOULD SEEK SANCTIONS AGAINST OPPOSING COUNSEL ONLY WHERE REQUIRED FOR THE PROTECTION OF THE CLIENT AND NOT FOR MERE TACTICAL ADVANTAGE.**

**VI**
**A LAWYER SHOULD NOT MAKE UNFOUNDED ACCUSATIONS OF UNETHICAL CONDUCT ABOUT OPPOSING COUNSEL.**

**VII**
**A LAWYER SHOULD NEVER INTENTIONALLY EMBARRASS ANOTHER LAWYER AND SHOULD AVOID PERSONAL CRITICISM OF ANOTHER LAWYER.**

**VIII**
**A LAWYER SHOULD ALWAYS BE PUNCTUAL.**

**IX**
**A LAWYER SHOULD SEEK INFORMAL AGREEMENT ON PROCEDURAL AND PRELIMINARY MATTERS.**