# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **In Re T-MOBILE CUSTOMER DATA SECURITY BREACH LITIGATION** | MDL No. 3019 <br><br> Master Case No.: 4:21-MD-03019-BCW |
| THIS DOCUMENT RELATES TO: <br><br> JAMES ACHERMANN, individually, and on behalf of a class of similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> T-MOBILE USA, INC., <br><br> Defendant. | 4:22-CV-00065-BCW <br><br> Northern District of California Case No: 3:21-CV-08995-JD <br><br><br> **ORAL ARGUMENT REQUESTED** |

**PLAINTIFF'S MOTION TO REMAND LAWSUIT TO THE**

**SAN FRANCISCO COUNTY SUPERIOR COURT**

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 1
I. INTRODUCTION ................................................................................................................ 1
II. STATEMENT OF FACTS AND PROCEDURAL HISTORY.............................................. 1
III. LEGAL STANDARD............................................................................................................ 2
    A. REMOVAL................................................................................................................ 2
    B. ARTICLE III STANDING ......................................................................................... 3
IV. DISCUSSION ........................................................................................................................ 6
    A. THERE IS NO SUBJECT-MATTER JURISDICTION OVER THE CLAIMS IN THE COMPLAINT BECAUSE PLAINTIFF LACKS ARTICLE III STANDING AS TO HIS CLAIMS........................................................................................................ 6
V. CONCLUSION...................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Am. Civil Liberties Union of Nev. v. Lomax*,
  471 F.3d 1010 (9th Cir. 2006) ................................................................................................ 3

*ASARCO Inc. v. Kadish*,
  490 U.S. 605 (1989) .................................................................................................................. 9

*Bassett v. ABM Parking Services, Inc.*,
  2018 WL 987954 (9th Cir. 2018) ............................................................................................ 6

*Bercut v. Michaels Stores Inc.*,
  No. 17-cv-01830-PJH, 2017 WL 2807515 (N.D. Cal. June 29, 2017) .................................... 7

*Burns v. Mammoth Media, Inc.*,
  No. CV2004855DDPSKX, 2021 WL 3500964 (C.D. Cal. Aug. 6, 2021) .............................. 7

*Burton v. MAPCO Exp., Inc.*,
  47 F.Supp.3d 1279 (N.D.Ala.2014) ........................................................................................ 5

*Edelstein v. Westlake Wellbeing Props., LLC*,
  No. CV 17-06488-AB (JEMx), 2017 WL 5495153 (C.D. Cal. Nov. 15, 2017) ...................... 8

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) ............................................................................................ 2, 9

*Green v. eBay Inc.*,
  No. CIV.A.14-1688, 2015 WL 2066531 (E.D.La. May 4, 2015) ........................................... 4

*Grosset v. Wenaas*,
  42 Cal.4th 110 (Cal. 2008) ...................................................................................................... 5

*Hansen v. Grp. Health Coop.*,
  902 F.3d 1051 (9th Cir. 2018) ................................................................................................ 8

*I.C. v. Zynga, Inc.*,
  2021 WL 3271187 (July 30, 2021) ......................................................................................... 7

*In re Barnes & Noble Pin Pad Litig.*,
  No. 12-cv-8617, 2013 WL 4759588 (N.D.Ill. Sept. 3, 2013) ................................................. 5

*In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*,
  45 F. Supp. 3d 14 (D.D.C. 2014) ............................................................................................ 5

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) .................................................................................................. 2

*Larroque v. First Advantage LNS Screening Sols., Inc.*,
  No. 15-cv-04684-JSC, 2016 WL 4577257 (N.D. Cal. Sept. 2, 2016) .................................... 7

*Lee v. Hertz Corp.*,
  No. 15-cv-04562-BLF, 2016 WL 7034060 (N.D. Cal. Dec. 2, 2016) .................................... 7

*Lewert v. P.F. Chang's China Bistro, Inc.*,
  No. 14-cv-4787, 2014 WL 7005097 (N.D.Ill. Dec. 10, 2014) ................................................ 5

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ................................................................................................................ 3

*Moore v. United Parcel Serv., Inc.*,
  No. 18-CV-07600-VC, 2019 WL 2172706 (N.D. Cal. May 13, 2019) ......................................... 6, 8

*Pac. Mar. Ass'n v. Mead*,
  246 F. Supp. 2d 1087 (N.D. Cal. 2003) ....................................................................................... 2

*Peters v. St. Joseph Servs. Corp.*,
  74 F.Supp.3d 847, 2015 WL 589561 (S.D.Tex.2015) .................................................................. 5

*Polo v. Innoventions Int'l, LLC*,
  833 F.3d 1193 (9th Cir. 2016) .................................................................................................. 2, 6

*Reilly v. Ceridian Corp.*,
  664 F.3d 38 (3d Cir. 2011) ........................................................................................................ 5, 8

*Remijas v. Neiman Marcus Grp., LLC*,
  No. 14c1735, 2014 WL 4627893 (N.D.Ill. Sept. 16, 2014) .......................................................... 5

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) .............................................................................................................. 3, 6

*Storm v. Paytime, Inc.*,
  90 F.Supp.3d 359, No. 14-cv-1138, 2015 WL 1119724 (M.D.Pa. Mar. 13, 2015) ........................ 4

*Syed v. M-I, LLC*,
  853 F.3d 492 (9th Cir. 2017) ........................................................................................................ 7

*Terrell v. Costco Wholesale Corp.*,
  No. C16-1415JLR, 2017 WL 2169805 (W.D. Wash. May 16, 2017) ........................................... 7

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021) .............................................................................................................. 3, 7

*U.S. Hotel & Resort Mgmt., Inc. v. Onity, Inc.*,
  No. CIV.13-1499, 2014 WL 3748639 (D.Minn. July 30, 2014) ................................................... 5

*Valdez v. Allstate Ins. Co.*,
  372 F.3d 1115 (9th Cir. 2004) ...................................................................................................... 2

*Van Patten v. Vertical Fitness Grp., LLC*,
  847 F.3d 1037 (9th Cir. 2017) ...................................................................................................... 3

*Wallace v. ConAgra Foods Inc.*,
  747 F.3d 1025 (8th Cir. 2014) .................................................................................................. 5, 8

*Williams v. Nichols Demos, Inc.*,
  2018 WL 3046507 (N.D. Cal. June 20, 2018) ........................................................................... 6, 8

**Statutes**

28 U.S.C.
  § 1332 ........................................................................................................................................ 2, 8

28 U.S.C.
  § 1447 ........................................................................................................................................... 2

California Civil Code
  § 1747 ........................................................................................................................................... 6

California Civil Code
  § 1798.150 .................................................................................................................................... 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff moves to remand this action to the Superior Court of San Francisco where it was originally filed. This Court should remand the action to state court because there is no basis for federal subject-matter jurisdiction. This action is brought under the California Consumer Privacy Act ("CCPA") (California Civil Code § 1798.150, *et seq.*), a statute that allows for statutory damages in the absence of actual damages. Plaintiff asserts that Defendant violated the CCPA in derogation of his rights. Plaintiff's operative complaint alleges a single cause of action under the CCPA seeking statutory damages and injunctive relief only. Plaintiff has not alleged a claim for actual damages or other "concrete" injury as required for Article III standing. This Court therefore does not have subject-matter jurisdiction as the claims brought by the Plaintiff under the CCPA do not satisfy Article III's "case and controversy" requirement. District courts across the country have remanded similar cases and ruled that the proper course of action when Article III standing is absent is to remand and allow the action to proceed in state court which has concurrent jurisdiction. Because this Court does not have Article III subject-matter jurisdiction, Plaintiff respectfully requests that the Court remand this action to the Superior Court of San Francisco.

## II.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

On August 19, 2021, Plaintiff filed a putative class action against Defendant in the Superior Court of San Francisco. *See generally,* Def's. Notice of Removal of Civil Action; ECF No. 1. On September 20, 2021, Plaintiff filed a First Amended Complaint ("FAC") alleging two causes of action: 1) violation of the CCPA (Civ. Code § § 1798.150) and 2) violation of California's Unfair Competition Law (Bus. & Prof. Code § 17200).

On November 18, 2018, the San Francisco Superior Court granted Plaintiff's request to dismiss the Second Cause of Action under the UCL without prejudice. On November 19, 2021, Plaintiff filed a Second Amended Complaint ("SAC") alleging a single cause of action under the CCPA. (For the Court's convenience, a copy of Plaintiff's recently filed SAC is attached to the Declaration of Edward J. Wynne as Exhibit 1.) The SAC is the operative complaint in the Superior Court action.

Plaintiff alleges that Defendant was the target of a data breach where Plaintiff's personally identifiable information was subject to unauthorized access and exfiltration, theft, or disclosure. SAC at ¶¶ 1-2, 5, 9-20. Plaintiff also alleges that, prior to filing the CCPA claim for statutory damages, Plaintiff provided thirty days written notice to Defendant, identifying the specific provisions of the CCPA that were violated. *Id.* at ¶ 49. Defendant did not respond to the notice. Specifically, Defendant did not cure the violation within the time provided under the CCPA. *Ibid.*

On November 19, 2021, Defendant filed a Notice of Removal. ECF No. 1. The only basis for removal articulated in Defendant's Notice is 28 U.S.C. § 1332 (d) ("CAFA"), i.e., more than 100 class members, diversity of citizenship, and $5 million amount in controversy. (ECF No. 1, ¶ 2.)[1]

### III. LEGAL STANDARD

#### A. REMOVAL

Before all else, a federal court must determine whether it has subject-matter jurisdiction. "If at any time before final judgement it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447 (c) (emphasis added). *See also Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). Accordingly, if this Court determines that it is without proper jurisdiction, then the only course of action is to remand the case to state court.

On a motion for remand, the party who invoked the federal court's removal jurisdiction *always* bears the burden of establishing that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001). *See also, e.g.*, *Pac. Mar. Ass'n v. Mead*, 246 F. Supp. 2d 1087, 1089 (N.D. Cal. 2003). Removal is generally disfavored, and, "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004). Therefore, courts

---

[1] Following removal to the Northern District of California, Plaintiff filed a motion to remand. The parties fully-briefed the motion but no ruling issued at the time of the MDL's conditional transfer order. Plaintiff then alerted the MDL to the fully briefed remand motion pending in the Northern District of California and asked the MDL to allow the Northern District of California the opportunity to rule on the remand motion. Instead, the MDL Panel ruled that jurisdiction questions "generally do not present an impediment to transfer." See, e.g., *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge."). Transfer Order dated January 31, 2022, MDL No. 3019, Dkt. 17.

"strictly construe the removal statute *against* removal jurisdiction. Federal jurisdiction *must* be rejected if there is *any doubt* as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (emphasis added) (citations omitted).

**B.     ARTICLE III STANDING**

Article III of the United States Constitution "limits the [subject-matter] jurisdiction of federal courts to 'Cases' and "Controversies.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). "Standing is an essential component of the case or controversy requirement of Article III, § 2 of the United States Constitution." *Am. Civil Liberties Union of Nev. v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006). "To satisfy Article III standing, the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). At the pleading stage, then, the plaintiff must clearly allege facts demonstrating each Article III element. "The injury-in-fact requirement requires a plaintiff to allege an injury that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Van Patten*, 847 F.3d at 1042 (quoting *Spokeo*, 136 S. Ct. at 1548).

In *Spokeo*, the Supreme Court addressed the issue directly:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [a plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III. *See Summers* [*v. Earth Island Inst.*], 555 U.S. [488] ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing"); *see also Lujan*, *supra*, at 572, 112 S. Ct. 2130.

*Spokeo*, 136 S. Ct. at 1549.

More recently, the Court addressed Article III standing in the context of a Fair Credit Reporting Act case in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). The Court emphasized that a concrete injury is required for standing: "No concrete harm, no standing." *Id.* at 2200. The Court held that, under Article III, an injury in law is not an injury in fact. *Id.* at 2205. Significantly,

the majority found that even in the context of an alleged statutory violation of the law, as we have here, Article III standing still requires a concrete injury. *Id.* The majority rejected the notion that the risk of a future violation or harm is sufficient to constitute standing as well. *Id*. at 2211-12.

Even prior to *Transunion*, this Circuit has found that a speculative, future injury in data-breach cases does not satisfy Article III's requirement of a concrete injury. The Eighth Circuit in *In re Supervalu, Inc.*, 870 F.3d 763 (2017) dismissed a data-breach case for lack of standing because the plaintiffs' allegations that "illicit websites are selling their Card Information to counterfeiters and fraudsters" were "speculative" and "failed to allege any injury 'to the plaintiffs." *Id*. at 768-769. References in Plaintiff's SAC to an increased risk of identity theft similarly falls short of alleging an actual injury where hackers have used the information to commit identity theft.[2] (SAC, ¶ 32.) In fact, Plaintiff's allegations even cite to the same GAO order analyzed in *Supervalu* that was deemed to be unavailing for pleading imminent, actual injury. *Id*. at 770-772. (SAC, ¶¶ 31, fn. 3, 32.) Using the same reasoning adopted by the Eighth Circuit in *Supervalu* – which has remarkably similar allegations to the case at bar – this Court should hold that Article III standing is lacking since Plaintiff has "not demonstrated a substantial risk of future identity theft…." *Supervalu* at 771.

Moreover, courts across the country have not found Article III standing in data-breach cases absent concrete allegations of *actual* identity theft or other fraud. In other words – and particularly following the Court's instructions in *Ramirez*, allegations of increased risk of harm alone are insufficient to satisfy Article III standing. *See, e.g., Green v. eBay Inc.,* No. CIV.A.14-1688, 2015 WL 2066531, at *5 (E.D.La. May 4, 2015) (finding no standing where plaintiff's data was accessed during a security breach because there were no allegations that the information had been used or any indication that its use was imminent); *Storm v. Paytime, Inc.,* 90 F.Supp.3d 359, 366, No. 14-cv-1138, 2015 WL 1119724, at *6 (M.D.Pa. Mar. 13, 2015) (finding no standing where plaintiffs did not allege that they actually suffered any form of identity theft as a result of the defendant's data

---

[2] To the extent Defendant takes the position that Plaintiff's use of credit monitoring services following the data-breach constitutes a "concrete injury, the Eighth Circuit rejected that argument in *Supervalu*. *Id*. at 771. In particular, the Court cited to the United States Supreme Court's decision in *Clapper v. Amnesty Int'l USA*, 568 U.S., 398, 416 that "plaintiffs 'cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending.'" *Supervalu* at 771.

breach); *Peters v. St. Joseph Servs. Corp.,* 74 F.Supp.3d 847, 853-54, 2015 WL 589561, *4-*5 (S.D.Tex.2015) (finding no standing where plaintiff did not allege actual identity theft or fraud despite the possibility "that fraudulent use of her personal information could go undetected for long periods of time"); *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, 45 F. Supp. 3d 14, 26 (D.D.C. 2014) (finding no standing where plaintiffs allegations of potential identity theft, which had not yet occurred, were "entirely dependent on the actions of an unknown third party"); *Lewert v. P.F. Chang's China Bistro, Inc.,* No. 14-cv-4787, 2014 WL 7005097, at *3 (N.D.Ill. Dec. 10, 2014) (finding no standing where plaintiffs did not allege that identity theft had occurred but only that it "*may* happen in coming years"); *Remijas v. Neiman Marcus Grp., LLC,* No. 14c1735, 2014 WL 4627893, at *3 (N.D.Ill. Sept. 16, 2014) (finding no standing where plaintiffs' alleged injury was not "concrete" because it was based on "potential future fraudulent charges"); *Burton v. MAPCO Exp., Inc.,* 47 F.Supp.3d 1279, 1280-81 (N.D.Ala.2014) (finding no standing despite plaintiff's allegations of unauthorized charges on his debit card because plaintiff did not allege that he actually had to pay for the charges); *U.S. Hotel & Resort Mgmt., Inc. v. Onity, Inc.,* No. CIV.13-1499, 2014 WL 3748639, at *5 (D.Minn. July 30, 2014) (recognizing that "[i]n the `lost data' context ... a majority of the courts ... hold that plaintiffs whose confidential data has been exposed, or possibly exposed by theft or a breach of an inadequate computer security system, but who have not yet had their identity stolen or their data otherwise actually abused, lack standing to sue the party who failed to protect their data"); *In re Barnes & Noble Pin Pad Litig.,* No. 12-cv-8617, 2013 WL 4759588, at *3 (N.D.Ill. Sept. 3, 2013) ("Merely alleging an increased risk of identity theft or fraud is insufficient to establish standing.").

CAFA jurisdiction cannot be invoked (or any other type of jurisdiction) in cases in which the named plaintiffs lack Article III standing. *See, e.g., Wallace v. ConAgra Foods Inc.*, 747 F.3d 1025 (8th Cir. 2014) (remanding action to state court after CAFA removal because named plaintiffs lacked Article III standing); *Reilly v. Ceridian Corp.*, 664 F.3d 38 (3d Cir. 2011) (affirming dismissal of data breach class action for lack of Article III standing).

In contrast, California does not have a standing requirement similar to Article III. *Grosset v. Wenaas*, 42 Cal.4th 110, 1117 n.13 (Cal. 2008). "Article III of the federal Constitution imposes a

'case-or-controversy' limitation on federal jurisdiction … [t]here is no similar requirement in our state Constitution." The single cause of action alleged by Plaintiff here under the CCPA entitles plaintiff to recover statutory damages in state court even in the absence of concrete allegations or proof of actual damages.

For example, under *Spokeo* a plaintiff could file a putative class action in California state court seeking recovery under the Song-Beverly Credit Card Act, Cal. Civ. Code § 1747, *et seq.*, alleging that a store wrongfully asked for his or her zip code during a credit card transaction. Without more, this fact pattern closely parallels Justice Alito's example in *Spokeo* of what *wouldn't* suffice as a concrete injury for Article III purposes: zip code missteps. *See, Bassett v. ABM Parking Services, Inc.*, 2018 WL 987954 (9th Cir. 2018) (plaintiff's allegation of "a statutory violation and a potential for exposure to actual injury" does not constitute "a concrete injury sufficient to give plaintiff standing.").

## IV.    DISCUSSION

### A. THERE IS NO SUBJECT-MATTER JURISDICTION OVER THE CLAIMS IN THE COMPLAINT BECAUSE PLAINTIFF LACKS ARTICLE III STANDING AS TO HIS CLAIMS

There is no federal jurisdiction over Plaintiff's CCPA claim because it lacks Article III standing. Accordingly, Defendant cannot meet its burden of establishing subject-matter jurisdiction, and the action should be remanded. "The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case." *Polo v. Innoventions, Int'l.,* 833 F.3d 1193 (9th Cir. 2016).

Plaintiff has not alleged the "concrete injury" necessary for Article III federal jurisdiction. As numerous courts have found, mere allegations of an "invasion of privacy and statutory rights" without more is insufficient to state a concrete, particularized harm that satisfies Article III's requirements. *See, e.g., Moore v. United Parcel Serv., Inc.*, No. 18-CV-07600-VC, 2019 WL 2172706, at *1 (N.D. Cal. May 13, 2019); *Williams v. Nichols Demos, Inc.,* 2018 WL 3046507, at *5 (N.D. Cal. June 20, 2018). *Moore* and other courts have held that a complaint's "reference to invaded 'privacy and statutory rights' . . . [is] insufficient to describe a concrete and particularized

harm" and the complaint is "devoid of allegations of confusion, error, or other harm from the alleged violations that might give rise to standing" *Moore*, 2019 WL 2172706, at *1 (N.D. Cal. May 13, 2019) (citing *Williams*, 2018 WL 3046507 at *5).

Here, while Plaintiff has made sufficient allegations to establish standing in the Superior Court, Plaintiff makes no allegations of "concrete" harm required to establish Article III standing. *See, e.g., Bercut v. Michaels Stores Inc.*, No. 17-cv-01830-PJH, 2017 WL 2807515, at *5 (N.D. Cal. June 29, 2017) (finding no Article III standing where "no allegations of actual harm [due to confusion] are made in this case, and unlike in [*Syed*], there is no basis to infer actual harm from the complaint's allegations").

The Court's recent decision in *Zynga* is instructive where the Court found Article III standing lacking:

> [A]s currently pled, the complaint fails to establish a sufficiently concrete injury-in-fact as required for Article III standing. Specifically, plaintiffs have not sufficiently alleged an invasion of privacy or a risk of future harm based on the information allegedly stolen in the breach. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021)

*I.C. v. Zynga, Inc.*, 2021 WL 3271187 (July 30, 2021); *see also*, *Syed v. M-I, LLC*, 853 F.3d 492, 495 (9th Cir. 2017) and *Burns v. Mammoth Media, Inc.*, No. CV2004855DDPSKX, 2021 WL 3500964, at *1 (C.D. Cal. Aug. 6, 2021).

Consequently, Plaintiff's allegations cannot provide the basis for federal jurisdiction over this action.

Where federal jurisdiction is lacking due to the lack of Article III standing, the proper course, as multiple courts have found, is to remand the case to state court. In *Lee v. Hertz Corp.*, No. 15-cv-04562-BLF, 2016 WL 7034060 (N.D. Cal. Dec. 2, 2016), the district court granted a motion to dismiss but remanded the action to state court. *Id.* at *6. Similarly, in *Larroque v. First Advantage LNS Screening Sols., Inc.*, No. 15-cv-04684-JSC, 2016 WL 4577257 (N.D. Cal. Sept. 2, 2016), the district court remanded the action to state court. *Id.* at *7–8. *See also Terrell v. Costco Wholesale Corp.*, No. C16-1415JLR, 2017 WL 2169805, at *2 (W.D. Wash. May 16, 2017); *Bercut v. Michaels Stores, Inc.*, No. 17-cv-01830-PJH, 2017 WL 2807515, at *5 (N.D. Cal. June 29, 2017); *Edelstein v. Westlake Wellbeing Props., LLC*, No. CV 17-06488-AB (JEMx), 2017 WL 5495153, at *3 (C.D.

Cal. Nov. 15, 2017) ("Since the California Constitution does not contain a 'case or controversy' requirement like the one in the Federal Constitution, Plaintiffs may fare better in state court."). The *Williams* court concurred, stating, "[The p]laintiff's only federal law claim is one over which both state and federal courts have concurrent jurisdiction. . . . [¶] Here, remand of [the p]laintiff's claims is not necessarily futile because the constraints of Article III do not apply to state courts." *Williams*, 2018 WL 3046507 at *6 (quotation marks omitted).

*Moore v. United Parcel Service, Inc.*, No. 18-cv-07600-VC, 2019 WL 2172706 (N.D. Cal. May 13, 2019), addressed this issue directly:

> Incidentally, it may initially seem counterintuitive for a federal court, after having concluded that the plaintiff lacks standing, to send a federal lawsuit to state court for potential adjudication rather than to dismiss it. However, Congress authorized citizens to vindicate their rights under the FCRA in either federal or state court. *See* 15 U.S.C. § 1681p. Even when a plaintiff lacks standing to assert a FCRA right in federal court, this does not preclude her from asserting that same right in state court, assuming she can satisfy the state court's potentially more lenient justiciability requirements, and assuming the state courts are authorized under their own state's laws to adjudicate such claims. In short, a lack of Article III standing does not necessarily preclude a plaintiff from vindicating a federal right in state court.

*Moore*, 2019 WL 2172706, at *2.

Here, Defendant asserts that removal is proper under 28 U.S.C. § 1332 (d) ("CAFA"). Defendants, however, cannot invoke CAFA jurisdiction (or any other type of jurisdiction) in cases where the named plaintiff lacks Article III standing. *See, e.g., Wallace v. ConAgra Foods Inc.*, 747 F.3d 1025 (8th Cir. 2014) (remanding action to state court after CAFA removal because named plaintiffs lacked Article III standing); *Reilly v. Ceridian Corp.*, 664 F.3d 38 (3rd Cir. 2011) (affirming dismissal of data breach class action for lack of Article III standing). Since federal jurisdiction is lacking due to the lack of Article III standing, the Court has no discretion to retain supplemental jurisdiction over the claim alleged.

## V.  CONCLUSION

Where, as here, Plaintiff does not allege a concrete injury, Defendant has not met its heavy burden on removal to show that Plaintiff has Article III standing necessary for federal court jurisdiction. *See, e.g., Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (the defendant seeking removal "bears the burden of overcoming the strong presumption against removal

jurisdiction"); *Gaus v. Miles, Inc., supra,* 980 F.2d at 566 (courts "strictly construe the removal statute against removal jurisdiction" and reject removal "if there is any doubt as to the right of removal in the first instance"). Where Article III standing is lacking the Court should remand Plaintiff's case to state court, where "the constraints of Article III do not apply." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

Accordingly, Plaintiff requests that his motion be granted and the case remanded to the San Francisco County Superior Court.

Dated: February 7, 2022

Respectfully submitted,

WYNNE LAW FIRM
RIGHETTI GLUGOSKI, P.C.

By: /s/ *Edward J. Wynne*
Edward J. Wynne

Attorneys for Plaintiff James Achermann
E-mail: ewynne@wynnelawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

By: /s/ *Edward J. Wynne*
Edward J. Wynne