IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: T-MOBILE CUSTOMER DATA SECURITY BREACH LITIGATION, | ) ) ) ) ) | MDL No. 3019<br><br>Master Case No. 4:21-MD-03019-BCW |
| ALL ACTIONS | | |

**ORDER APPOINTING INTERIM LEADERSHIP COUNSEL**

Before the Court are plaintiffs' counsels' motions for appointment to plaintiffs' leadership team. (Docs. ##54, 55, 58, 60, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 81, 82, 83, 84, 85, 87, 88, 89, 90, 91, 92, 93 & 96).

In the Court's Order issued after the January 25, 2022 initial pretrial conference (Doc. #41), the Court invited attorneys interested in a leadership position to file motions for appointment to plaintiffs' leadership team. The Court received and considered 35 motions and supporting materials, each seeking a leadership appointment in some capacity, and each exhibiting impressive qualifications and the necessary commitment to zealous representation.

After carefully reviewing each submission in light of the criteria set forth in the Court's previous Orders and discussed during the initial pretrial conference, Fed. R. Civ. P. 23(g), and the Manual for Complex Litigation, the Court appoints plaintiffs' leadership counsel as follows.

1. **Co-Lead Interim Class Counsel**

    Cari Laufenberg
    Keller Rohrback L.L.P.
    1201 3rd Ave., Ste. 3200
    Seattle, WA 98101

    James Pizzirusso
    Hausfeld LLP
    888 16th St. NW, Ste. 300
    Washington, DC 20006

1

> Norman Eli Siegel
> Stueve Siegel Hanson LLP - KCMO
> 460 Nichols Rd., Ste. 200
> Kansas City, MO 64112

Co-Lead Interim Class Counsel are designated to "act on behalf of a putative class before determining whether to certify the action as a class action" and are responsible for coordinating pretrial proceedings. Fed. R. Civ. P. 23(g)(3).

Co-Lead Interim Class Counsel's responsibilities include, but are not limited to, the following:

**a.** Determine and present matters to the Court during pretrial proceedings;

**b.** Coordinate and conduct discovery;

**c.** Manage this litigation on behalf of the putative plaintiff class through coordination with other Co-Lead Interim Class Counsel;

**d.** Fund the necessary and appropriate costs of discovery and other common benefit efforts;

**e.** Coordinate settlement discussions or other dispute resolution efforts;

**f.** Ensure all proceedings are effective, efficient, and economical;

**g.** Ensure scheduling requirements are met;

**h.** Delegate specific tasks in consideration of the qualifications of non-leadership counsel in an effort to maximize efficiency;

**i.** Consult with and employ consultants or experts as necessary;

**j.** Enter into stipulations with opposing counsel as necessary;

**k.** Encourage full cooperation and efficiency among all plaintiffs' counsel;

**l**. Prepare and distribute periodic status reports to all parties;

**m.** Establish a protocol for timekeeping and recordkeeping for work performed in the prosecution of Plaintiffs' claims, including a mechanism for maintenance of disbursements and receipts for common benefit work, for submission to the Court for approval;

**n.** Determine reasonable compensation for non-leadership counsel commensurate with their contributions from a settlement fund, if any, or a verdict;

**o.** Present all matters of common concern to Plaintiffs;

**p.** Perform such other duties as may be incidental to proper coordination with other leadership counsel or as otherwise ordered by the Court;

**q.** Submit, if appropriate, additional committees and counsel for designation by the Court; and

**r.** Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

No work shall be undertaken by any plaintiffs' counsel without the express advance authorization of Co-Lead Interim Class Counsel. Likewise, no pleadings, motions, discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs' counsel, except through Co-Lead Interim Class Counsel or upon their express advance authorization.

**2. Liaison Counsel**

Alexis Wood
Law Offices of Ronald Marron
651 Arroyo Drive
San Diego, CA 92103

Liaison Counsel's responsibilities include, but are not limited to, the following:

**a.** Act as the primary contact between the Court and plaintiffs' counsel;

**b.** Maintain an up-to-date comprehensive Service List of plaintiffs and promptly advise the Court and defense counsel of any changes to plaintiffs' Service List;

**c.** Receive and distribute to plaintiffs' counsel, as appropriate, Orders, notices, and correspondence from the Court to the extent such documents are not electronically filed;

**d.** Receive and distribute to plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from opposing counsel that are not electronically filed;

**e.** Establish and maintain a document depository;

**f.** Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party;

**g.** Assist other leadership counsel in resolving scheduling conflicts among the parties and coordinating activities, discovery, meetings, and hearings;

**h.** Maintain a file-endorsed copy of this Order, and serve the same on the parties and/or their attorneys in actions later instituted in, removed to, or transferred to these proceedings; and

**i.** Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

Liaison Counsel shall not have the right to bind any party (except Liaison Counsel's own client(s)) as to any matter without the consent of retained counsel for that party. Further, Liaison Counsel shall remain free to represent the interests and positions of their clients free of any claim (including without limitation any claim of conflict) arising from service as Liaison Counsel.

### 3. Executive Committee

Maureen M. Brady
McShane & Brady LLC
1656 Washington St., Ste. 140
Kansas City, MO 64108

Amy Elisabeth Keller
DiCello Levitt Gutzler LLC
10 N. Dearborn St., Ste. 6th Fl.
Chicago, IL 60602

Robert Lopez
Hagens Berman Sobol Shapiro LLP
1301 2nd Ave., Ste. 2000
Seattle, WA 98101

Margaret C. MacLean
Lowey Dannenberg, P.C.
44 S. Broadway, Ste. 1100
White Plains, NY 10601

Kaleigh N.B. Powell
Tousley Brian Stephens PLLC
1200 5th Ave., Ste. 1700
Seattle, WA 98101

Kenya Jamila Reddy
Morgan & Morgan Mass Tort Dept.
201 N. Franklin St., Ste. 7th Fl.
Tampa, FL 33602

Sabita J. Soneji
Tycko and Zavareei LLP
1970 Broadway, Ste. 1070
Oakland, CA 94612

Rachel Kristine Tack
Zimmerman Reed, LLP
1100 IDS Center
80 S. 8th St.
Minneapolis, MN 55402

The Executive Committee's responsibilities include, but are not limited to, the following:

a. Work with other leadership counsel in the efficient prosecution of plaintiffs' claims and carry out such duties and responsibilities as appropriate;

b. Participate in common benefit work to advance the litigation, assigned and performed under the direction of Co-Lead Interim Class Counsel;

c. Meet and confer with Co-Lead Interim Class Counsel as needed to consult on any matter germane to this litigation;

d. Conduct and coordinate discovery in an efficient manner;

e. Prepare periodic status reports summarizing the Executive Committee's work and progress, to be submitted to Liaison Counsel for prompt distribution among plaintiffs' counsel; and

f. Perform such other functions necessary to effectuate these responsibilities, as directed by Co-Lead Interim Class Counsel, or as may be expressly authorized by further Order of the Court.

It is the Court's intent that, as to all matters common to these coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through the Executive Committee.

The Court recognizes changes to the Executive Committee's organization may be necessary as the litigation progresses and new details emerge. The Court may amend or expand the Executive Committee upon request or on the Court's own if circumstances warrant.

The Executive Committee may organize subcommittees or other structures as necessary to aid in effective and efficient litigation as necessary. The Executive Committee may also delegate common benefit work responsibilities to other counsel, including those not appointed to a specific

leadership position as part of this Order, as may be required for the common benefit of plaintiffs. To the extent non-leadership counsel's skill set or existing infrastructure will maximize the efficiency of this litigation, the Court encourages the Executive Committee to delegate common benefit work to non-leadership counsel at the Executive Committee's election. However, no common benefit work may be performed by non-leadership counsel without prior approval from Co-Lead Interim Class Counsel.

**4. Other provisions**

All appointments are of a personal nature and each appointee must assume personal responsibility for the performance of their duties. No other attorneys, including members of an appointee's law firm, may substitute for the appointee in the fulfillment of their exclusive duties, except with prior approval of the Court. The Court may add or replace appointees on their request, or on request of other leadership, or on its own if circumstances warrant.

All appointments are made for a period of one year. Counsel may apply for reappointment when their term expires. The Court will establish a reappointment application process at an appropriate time in advance of the expiration date of the appointments in this Order. Applications for reappointment will detail the nature and scope of the attorney's work on this litigation, including the time and resources expended in the course of the previous year-long appointment.

This Order shall not be interpreted as indicative of any decision relative to the issue of class certification.

All communications from Plaintiffs with the Court must be through Co-Lead Interim Class Counsel or Liaison Counsel. If circumstances require direct correspondence with the Court by individual counsel, counsel will notify Co-Lead Interim Class Counsel and Liaison Counsel of the

7

Case 4:21-md-03019-BCW   Document 102   Filed 02/25/22   Page 7 of 10

circumstances before contacting the Court directly, and counsel shall simultaneously serve on Co-Lead Interim Class Counsel and Liaison Counsel counsel's direct communication with the Court.

Non-leadership counsel performing common benefit work at the direction of the Executive Committee must secure the express advance authorization from Co-Lead Interim Class Counsel for the performance of the specific common benefit work if assigned by the Executive Committee. Only where non-leadership counsel has obtained the express authorization of Co-Lead Interim Class Counsel for the performance of the common benefit work is the non-leadership counsel's time and expense compensable. Accordingly, it is hereby

ORDERED counsels' motions for appointment to plaintiffs' leadership team (Docs. ##54, 55, 58, 60, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 81, 82, 83, 84, 85, 87, 88, 89, 90, 91, 92, 93 & 96) are resolved as set forth herein and Plaintiffs' leadership counsel are thus appointed. It is further

ORDERED Co-Lead Interim Class Counsel shall, on or before **March 4, 2022**, confer with other leadership counsel to establish counsel's working structure for the prosecution of Plaintiffs' claims. This initial conference among appointed plaintiffs' leadership counsel shall include discussion of, at a minimum, the allocation of responsibilities and a proposed billing protocol. It is further

ORDERED on or before **March 11, 2022**, Co-Lead Interim Class Counsel shall meet and confer with counsel for Defendant in an effort to prepare: (i) a joint proposed agenda for the first status conference in this case; and (ii) a joint proposed scheduling order and discovery plan. The parties shall electronically file each document on or before **March 18, 2022**.

The joint proposed scheduling order and discovery plan shall include the following, consistent with the Court's previous determinations: (a) Plaintiffs' Master Consolidated Complaint

8

Case 4:21-md-03019-BCW   Document 102   Filed 02/25/22   Page 8 of 10

shall be filed on or before **April 11, 2022**; (b) discovery shall commence when the Master Consolidated Complaint is filed; (c) any motions to dismiss and/or to compel arbitration shall be filed on or before **May 26, 2022**; and (d) motion practice is otherwise stayed until the Master Consolidated Complaint is filed.

In addition, the parties' proposed plan shall comply with L.R. 16.1(d), 16.1(f), 26.1(c) and 26.1(d). Pursuant to Fed. R. Civ. P. 26(f)(3)(C), the proposed plan should address any concerns or issues relating to electronically stored information (ESI). If applicable, the plan should address (1) what ESI is available and where it resides; (2) preservation of information; (3) the ease / difficulty and cost of producing such information; (4) the schedule and format of product; and (5) agreements about privilege or work-product protection. It is further

ORDERED with respect to discovery, counsel are reminded: (1) the number and form of interrogatories and depositions are governed by Fed. R. Civ. P. 30, 31, and 33; (2) the time permitted for depositions is governed by Fed. R. Civ. P. 30; (3) the procedure for resolving discovery disputes is governed by L.R. 37.1; (4) the form of answers to certain discovery requests and disclosures required by Fed. R. Civ. P. 26 are provided in L.R. 26.2; and (5) the filing of motions does not postpone discovery. L.R. 26.1(b). It is further

ORDERED this case is set for status conference at the United States Courthouse in Kansas City, Missouri on **Wednesday, March 23, 2022 at 1:30 p.m.** Co-Lead Interim Class Counsel, Liaison Counsel, the Executive Committee, and counsel for Defendant shall attend the status conference. During the status conference, the Court will consider Plaintiffs' counsels' proposed billing protocol and the manner through which timekeeping records are submitted to the Court for approval, establish a Scheduling Order and Discovery Plan after consideration of the parties' joint

proposal, and discuss the items raised by the parties' joint proposed agenda for the status conference. It is further

ORDERED the Clerk of the Court is directed to send a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation.

IT IS SO ORDERED.


DATE: February 25, 2022  /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT