IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: T-MOBILE CUSTOMER DATA SECURITY BREACH LITIGATION, | ) ) ) ) ) | MDL No. 3019<br><br>Master Case No. 4:21-MD-03019-BCW |
| ALL ACTIONS | | |

**ORDER**

The Court held a status conference in this matter on May 13, 2022, during which the Court heard oral argument on disputed provisions of the parties' proposed confidentiality order ("Protective Order") (Doc. #111) and proposed order governing the production of electronically-stored information ("ESI Order") (Doc. #112). Before the status conference, the parties sent letter briefs to this Court by email, identifying the outstanding issues relating to the Protective Order and ESI Order for which the parties required Court intervention. Consistent with the telephone conference discussion, the Court rules on these matters as follows.

**A. Protective Order**

The parties presented three disputed issues relative to the proposed Protective Order: (1) whether discovery designated highly confidential or attorneys' eyes only (AEO) may be shown to named plaintiffs; (2) whether the Protective Order need contain a procedure for the waiver of privilege and "clawback," and (3) whether challenges to confidentiality designations should be limited only to that discovery which a party reasonably anticipates using in the course of the litigation.

Consistent with the telephone conference discussion, the Court rules as follows.

With respect to material designated highly confidential and/or AEO, the parties agree to continue to meet and confer in an effort to resolve this issue.

1

With respect to issues relating to the waiver of privilege, the Court overrules Plaintiffs' objection to T-Mobile's proposed language on this point and adopts T-Mobile's proposed Protective Order paragraph 30 referencing Fed. R. Evid. 502(d). Similarly, the Court overrules Plaintiffs' objection to T-Mobile's proposed Protective Order paragraph 31 and the Protective Order shall not provide for Plaintiffs' retention of privileged material in the course of challenging a clawback notice. The Court thus rules in favor of T-Mobile on this point.

With respect to T-Mobile's proposal that the Protective Order limit challenges to confidentiality designations to those documents which Plaintiffs reasonably anticipate using in the course of litigation, the Court denies T-Mobile's request and declines to limit the parties' respective abilities to challenge confidentiality designations made by the opposing party. The Court thus rules in favor of Plaintiffs on this point.

### B. ESI Order

The parties presented two disputed issues relative to the proposed ESI Order: (1) whether T-Mobile should be required to provide a document-by-document privilege log relating to the post-breach investigation as opposed to a categorical privilege log; (2) whether "hit reports" should be shared among the parties as part of the search term negotiation process.

Consistent with the telephone conference discussion, the Court rules as follows.

With respect to the provision of a document-by-document, as opposed to a categorical, privilege log, the parties agree to continue to meet and confer in an effort to resolve this issue.

With respect to the exchange of "hit reports," the Court overrules T-Mobile's objection to Plaintiffs' proposed ESI Order paragraph 17(b). The Court thus rules in favor of Plaintiffs on this point. Accordingly, it is hereby

2

Case 4:21-md-03019-BCW   Document 131   Filed 05/18/22   Page 2 of 3

ORDERED the disputed paragraphs identified in the proposed Protective Order (Doc. #111) and proposed ESI Order (Doc. #112) are, as set forth above, resolved consistent with the May 13, 2022 telephone conference discussion. The parties shall meet and confer in an effort to resolve the two issues referenced above that remain outstanding. It is further

ORDERED on or before **June 1, 2022,** the parties shall file a joint motion for entry of protective order and a joint motion for entry of ESI order that incorporates the rulings stated. It is further

ORDERED this matter is set for status conference by telephone on **July 6, 2022 at 11:30 a.m. CST.**

IT IS SO ORDERED.

DATE: May 18, 2022         /s/ Brian C. Wimes
                           JUDGE BRIAN C. WIMES
                           UNITED STATES DISTRICT COURT