# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

IN RE: T-MOBILE CUSTOMER DATA )
SECURITY BREACH LITIGATION ) MDL No. 3019
) Case No. 4:21-md-03019-BCW
_____ )

**<u>CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE</u>**

# TABLE OF CONTENTS

1.      RECITALS ................................................................................................................ 1

2.      DEFINITIONS ........................................................................................................... 4

3.      SETTLEMENT FUND ............................................................................................. 12

4.      SETTLEMENT FUND ACCOUNT .......................................................................... 13

5.      INFORMATION SECURITY .................................................................................... 15

6.      PRESENTATION OF SETTLEMENT TO THE COURT ........................................... 16

7.      EFFECTIVE DATE AND TERMINATION .............................................................. 16

8.      CONSUMER SETTLEMENT BENEFITS PLAN ....................................................... 19

9.      DUTIES OF SETTLEMENT ADMINISTRATOR ..................................................... 19

10.     NOTICE PLAN ....................................................................................................... 22

11.     CAFA NOTICE ........................................................................................................ 23

12.     COVENANTS NOT TO SUE .................................................................................... 23

13.     REPRESENTATIONS AND WARRANTIES ............................................................. 24

14.     RELEASES ............................................................................................................... 25

15.     NO ADMISSION OF WRONGDOING ..................................................................... 26

16.     OPT-OUTS .............................................................................................................. 27

17.     OBJECTIONS .......................................................................................................... 28

18.     SERVICE AWARDS ................................................................................................ 29

19.     ATTORNEYS' FEES AND EXPENSES .................................................................... 30

20.     CONFIDENTIALITY ............................................................................................... 31

21.     NOTICES ................................................................................................................. 31

22.     MISCELLANEOUS PROVISIONS .......................................................................... 32

Case 4:21-md-03019-BCW   Document 158-1   Filed 07/22/22   Page 3 of 67

**EXHIBITS**

A.    List of Actions

B.    List of Settlement Class Representatives

C.    Proposed Preliminary Approval Order

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made as of July 22, 2022, by and between, as hereinafter defined, (a) the Settlement Class Representatives,[1] on behalf of themselves and the Settlement Classes, and (b) T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively, "T-Mobile" or "Defendant"). This Agreement fully and finally compromises and settles any and all claims that are, were, or could have been asserted in the litigation styled *In re: T-Mobile Customer Data Security Breach Litigation*, No. 21-md-3019-BCW pending in the Western District of Missouri, as set forth herein.

## 1. Recitals

1.1.      On August 16, 2021, T-Mobile announced that it had been the victim of a third-party, criminal cyberattack in which the attacker was able to gain unauthorized access to consumer data.

1.2.      After the announcement of the Data Breach, multiple putative class action lawsuits were filed against T-Mobile, alleging that T-Mobile had failed to properly protect personal information in accordance with their duties, had inadequate data security, was unjustly enriched by the use of personal data of the impacted individuals, violated certain state consumer statutes and other laws, and improperly or inadequately notified potentially impacted individuals.

1.3.      On December 3, 2021, the U.S. Judicial Panel on Multidistrict Litigation transferred five (5) putative class action lawsuits related to the Data Breach to the Honorable Brian C. Wimes of the United States District Court for the Western District of Missouri for coordinated pretrial proceedings. By December 14, 2021, more than forty (40) putative

---

[1] All capitalized terms are defined in Section 2 below.

class action lawsuits related to the Data Breach had been transferred for coordinated pretrial proceedings as part of *In re: T-Mobile Customer Data Security Breach Litigation*, No. 21-md-3019-BCW.

1.4. Additional lawsuits against T-Mobile were also transferred to, filed in, or otherwise assigned to the Court and included in coordinated pretrial proceedings as part of *In re: T-Mobile Customer Data Security Breach Litigation*, No. 21-md-3019-BCW.

1.5. On February 25, 2022, the Court appointed Class Counsel and authorized them to litigate all pretrial proceedings and to conduct settlement negotiations on behalf of plaintiffs and absent putative class members that now comprise the Settlement Classes.

1.6. On May 11, 2022, Class Counsel filed an Amended Complaint in the Action. Each of the Settlement Class Representatives is named in the Amended Complaint.

1.7. Class Counsel engaged several experts to support their efforts in the Action, conducted a detailed investigation of the factual and legal claims presented in the Amended Complaint, and interviewed hundreds of Data Breach victims in preparation for filing the Amended Complaint.

1.8. T-Mobile denies all material allegations of the Amended Complaint and specifically denies that it failed to properly protect personal information in accordance with its duties, had inadequate data security, was unjustly enriched by the use of personal data of the impacted individuals, violated state consumer statutes and other laws, and improperly or inadequately notified potentially impacted individuals.

1.9. The Parties' Counsel are experienced litigators in the data breach field. At various times before and after the filing of the Amended Complaint, the Parties, through counsel, engaged in various discussions regarding potential early mediation of this case. The

2

Parties exchanged extensive confidential information related to the Data Breach and the named plaintiffs in the Amended Complaint that allowed the Parties to assess the case and meaningfully engage in arm's-length settlement negotiations. These discussions eventually led to a mediation before the Hon. Diane M. Welsh (Ret.), a retired federal magistrate judge now mediating cases through JAMS in Philadelphia, PA. The mediation took place over two full days on June 7 and 8, 2022, and concluded with the Parties executing a binding term sheet, to be superseded by this Agreement.

1.10.    The Parties recognize the expense and length of proceedings necessary to continue litigation of the Action through further motion practice, discovery, trial, and any possible appeals. The Parties have taken into account the uncertainty and risk of the outcome of further litigation, and the expense, difficulties, and delays inherent in such litigation. The Parties are also aware of the burdens of proof necessary to establish liability and damages for the claims alleged in the Action and the defenses thereto. Based upon their investigation, discovery, and motion practice, as set forth above, the Parties have determined that the settlement set forth in this Agreement is in their respective best interests and that the Agreement is fair, reasonable, and adequate. The Parties have therefore agreed to settle the claims asserted in the Action pursuant to the terms and provisions of this Agreement, subject to Court approval.

1.11.    It is the intention of the Parties to resolve the disputes and claims which they have between them on the terms set forth below.

NOW, THEREFORE, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of the Parties to

be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree as follows:

## 2.  Definitions

As used in all parts of this Agreement, including the recitals above, and the exhibits hereto, the following terms have the meanings specified below:

2.1.    "Action" or "Actions" means all the actions listed in Exhibit A, which are cases that have been filed in, transferred to, or otherwise assigned to the Court and included in the multidistrict litigation proceeding captioned *In re: T-Mobile Customer Data Security Breach Litigation*, No. 21-md-3019-BCW.

2.2.    "Administrative Costs" means all reasonable costs and expenses incurred by the Settlement Administrator in carrying out its duties under this Agreement.

2.3.    "Agreement" or "Settlement Agreement" means this Class Action Settlement Agreement and Release and all of its attachments and exhibits, which the Parties understand and agree set forth all material terms and conditions of the Settlement of the Action between them and which is subject to approval by the Court.

2.4.    "Attorneys' Fees" means the attorneys' fees that Class Counsel request the Court to approve for payment from the Settlement Fund as compensation for work in prosecuting and settling the Action.

2.5.    "Business Days" means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the U.S. federal government.

2.6.    "California Settlement Subclass" means members of the Settlement Class that were residents of the State of California on August 1, 2021.

2.7.    "California Settlement Subclass Member" means any person who is a member of the California Settlement Subclass.

4

2.8.    "Class Counsel" means Norman E. Siegel of Stueve Siegel Hanson LLP, Cari Campen Laufenberg of Keller Rohrbach LLP, and James J. Pizzirusso of Hausfeld LLP.

2.9.    "Class List" means the list of individuals in the United States whose information T-Mobile determined was unlawfully exfiltrated during the Data Breach.

2.10.    "Complaint" and "Amended Complaint" mean the Consolidated Consumer Class Action Complaint, at Docket Entry Number 128, filed in the Action on May 11, 2022.

2.11.    "Consumer Settlement Benefits Plan" means the plan for processing claims for and distributing Settlement benefits to Settlement Class Members, which shall be presented by Class Counsel to the Court for approval in connection with a motion seeking a Preliminary Approval Order.

2.12.    "Court" means the United States District Court for the Western District of Missouri, where the Action is pending.

2.13.    "Data Breach" means the cybersecurity incident announced by T-Mobile on or about August 16, 2021, which is the subject of the Action.

2.14.    "Defendant" means T-Mobile, as defined below.

2.15.    "Effective Date" means the date when all of the conditions set forth in Section 7.1 of this Agreement have occurred; provided, however, that T-Mobile has not exercised its right of termination under Section 7.2 of this Agreement.

2.16.    "Entity" means any corporation, partnership, limited liability company, association, trust, or other organization of any type.

2.17.    "Expenses" means the reasonable costs and expenses incurred in litigating the Action that Class Counsel request the Court to approve for payment from the Settlement Fund.

2.18.    "Final Approval" means entry of a Final Approval Order and Judgment.

5

2.19.	"Final Approval Hearing" means the hearing to be conducted before the Court to determine the fairness, adequacy, and reasonableness of the Agreement pursuant to Federal Rule of Civil Procedure 23 and whether to enter a Final Approval Order and Judgment. The Final Approval Order and Judgment shall be entered no earlier than ninety (90) days after the CAFA notices are mailed to ensure compliance with 28 U.S.C. § 1715.

2.20.	"Final Approval Order and Judgment" means an order and judgment that the Court enters after the Final Approval Hearing, which, among other things, finally approves the Agreement, finally certifies the Settlement Classes for settlement purposes, dismisses all claims in the Action with prejudice, releases the Released Parties from the Released Claims as set forth herein, bars and enjoins the Releasing Parties from asserting any of the Released Claims, including during the pendency of any appeal from the Final Approval Order and Judgment, includes as an exhibit a list of individuals who timely and validly opted out of the Settlement, and satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23 in all respects.

2.21.	"Judgment" means the Final Approval Order and Judgment.

2.22.	"Notice Costs" means all reasonable costs and expenses incurred in connection with implementing and executing the Notice Plan.

2.23.	"Notice Date" means the date by which notice will be fully commenced, which shall be ninety (90) days after the Court enters the Preliminary Approval Order.

2.24.	"Notice Plan" means the Settlement notice program to be presented by Class Counsel to the Court for approval in connection with a motion seeking a Preliminary Approval Order.

6

2.25.   "Objection Deadline" means the deadline by which written objections to the Settlement must be filed with the Court.  Such deadline shall be forty-five (45) days after the Notice Date.

2.26.   "Opt-Out Deadline" means the deadline by which written requests for exclusion from the Settlement must be submitted online or postmarked as set forth in the Preliminary Approval Order.  Such deadline shall be forty-five (45) days after the Notice Date.

2.27.   "Parties" means the Settlement Class Representatives, on behalf of themselves and the Settlement Classes, and T-Mobile.

2.28.   "Parties' Counsel" means Class Counsel and T-Mobile's Counsel.

2.29.   "Preliminary Approval Order" and "Preliminary Approval" mean an order in the form of or materially in the form of the proposed Preliminary Approval Order attached as Exhibit C determining that the Court will likely be able to approve the Settlement under Federal Rule of Civil Procedure 23(e)(2) and concluding that the Court will likely be able to certify the Settlement Classes for settlement purposes and for purposes of entering a Judgment. The Preliminary Approval Order will, among other things, (i) include a procedure for individuals to object to or request exclusion from the Settlement (along with the applicable Objection and Opt-Out Deadlines), (ii) include the date and time of the Final Approval Hearing, (iii) approve and provide pertinent information from the Notice Plan and Consumer Settlement Benefits Plan, and (iv) stay and/or enjoin pending Final Approval of the Settlement all actions and other proceedings brought by Settlement Class Members concerning any Released Claims, except that individuals that validly and timely opt out of the Settlement shall not be subject to any stay or injunction.

2.30. "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damage for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Breach, the facts alleged in the Actions, or any theories of recovery that were, or could have been, raised at any point in the Actions. Released Claims do not include SIM-swap Claims, and nothing in this Settlement is intended to release or otherwise impair SIM-swap Claims.

2.30.1. For the avoidance of doubt, the Released Claims include, without limitation, any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under the California Business & Professions Code § 17200 *et seq.*, California Civil Code § 1750 *et seq.*, California Civil Code § 1798 *et seq.*, California Civil Code § 1798.150, California Civil Code § 56.10 *et seq.*, and any similar statutes or data breach notification statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract,

8

breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief. For the further avoidance of doubt, Released Claims do not include SIM-swap Claims, and nothing in this Settlement is intended to release or otherwise impair SIM-swap Claims.

2.31. "Released Parties" means T-Mobile and each of their current and former parents, subsidiaries, divisions, and affiliated companies, whether indirect or direct, as well as these entities' respective predecessors, successors, assigns, directors, officers, employees, agents, vendors, insurers, reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, contractors, wholesalers, resellers, distributors, service providers, and retailers.

2.32. "Releasing Parties" means the Settlement Class Representatives and all Settlement Class Members who do not timely and validly opt out of the Settlement.

2.33. "Service Awards" means any payments made, subject to Court approval, to Settlement Class Representatives.

9

2.34.   "Settlement" means the settlement of the Action by and between the Parties, and the terms and conditions thereof as stated in this Agreement.

2.35.   "Settlement Administrator" means Kroll Settlement Administration LLC.  A different Settlement Administrator may be substituted if approved by order of the Court.

2.36.   "Settlement Class" means the approximately 76.6 million U.S. residents identified by T-Mobile whose information was compromised in the Data Breach, as reflected in the Class List.  For the avoidance of doubt, the Settlement Class includes the California Settlement Subclass.  Excluded from the Settlement Class are (i) T-Mobile, any entity in which T-Mobile has a controlling interest, and T-Mobile's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; (iii) any individual who timely and validly opts out of the Settlement; and (iv) all individuals who on or before the date the Court enters the Preliminary Approval Order have either (1) filed or served a written arbitration demand or petition against T-Mobile relating to the Data Breach, or (2) provided written notice to T-Mobile of their intent to pursue arbitration against T-Mobile relating the Data Breach with a description of claims to the address provided in T-Mobile's Terms and Conditions or to T-Mobile's Counsel.

2.37.   "Settlement Classes" means the Settlement Class and the California Settlement Subclass.

2.38.   "Settlement Class Member" or "Member of the Settlement Class" means any person within the definition of Settlement Class as defined in Section 2.36.

2.39.   "Settlement Class Representatives" means the individuals identified in Exhibit B.

2.40. "Settlement Fund" means the three hundred fifty million United States Dollars ($350,000,000) that T-Mobile shall pay pursuant to Section 3 of this Agreement.

2.41. "Settlement Fund Account" means the account described in Section 4 of this Agreement.

2.42. "SIM-swap Claims" means any claim that T-Mobile is liable for damages for any SIM-swap wherein an unauthorized user gains control of a victim's mobile phone number and phone service.

2.43. "T-Mobile" means T-Mobile US, Inc., and T-Mobile USA, Inc.

2.44. "T-Mobile's Counsel" means T-Mobile's counsel of record in the Action from the law firm of Alston & Bird LLP.

2.45. "Taxes" means (i) any applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) arising in any jurisdiction with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon the Parties or the Parties' Counsel with respect to any income or gains earned by or in respect of the Settlement Fund; (ii) any other taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) relating to the Settlement Fund that the Settlement Administrator determines are or will become due and owing, if any; and (iii) any and all expenses, liabilities, and costs incurred in connection with the taxation of the Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

2.46. "Unknown Claims" means any and all Released Claims that any Settlement Class Representative or Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her, might have affected

his or her decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Settlement Class Representatives and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Settlement Class Representatives and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

### **3.  Settlement Fund**

3.1.    T-Mobile agrees to make a non-reversionary settlement payment of three hundred fifty million United States Dollars ($350,000,000) and deposit that settlement payment into the Settlement Fund as follows: (i) within ten (10) Business Days of the Court entering a Preliminary Approval Order, T-Mobile shall pay thirty-five million United States Dollars ($35,000,000) into the Settlement Fund to pay for Notice Costs and Administrative Costs; and (ii) within twenty (20) Business Days of the Effective Date of the Settlement, T-Mobile shall fund the remaining balance of the Settlement Fund (*i.e.*, $315,000,000).

3.2. The Settlement Fund shall be used to pay for (i) Notice Costs; (ii) Administrative Costs; (iii) Service Awards approved by the Court; (iv) Attorneys' Fees and Expenses approved by the Court; and (v) Settlement benefits for the Settlement Classes as provided for in the Consumer Settlement Benefits Plan to be filed by Class Counsel and approved by the Court. Except as provided in Section 5.1, T-Mobile shall not be obligated to pay more than three hundred fifty million United States Dollars ($350,000,000) in connection with the Settlement of the Action, including with respect to all Notice Costs and Administrative Costs. No funds shall revert to T-Mobile with the sole exception that if the Effective Date does not occur or the Settlement is terminated in accordance with its terms, then T-Mobile shall be entitled to the amounts as set forth in Section 7.5.

3.3. Class Counsel and/or the Settlement Administrator shall timely furnish to T-Mobile any required account information, wiring instructions, or necessary forms (including a properly completed and signed IRS Form W-9 that includes the employer identification number for the Settlement Fund Account) before the deadline for making the Settlement payments set forth in Section 3.1.

## 4. Settlement Fund Account

4.1. The Settlement Fund monies shall be held in the Settlement Fund Account, which shall be established and maintained by the Settlement Administrator.

4.2. All funds held in the Settlement Fund Account shall be deemed to be in the custody of the Court until such time as the funds shall be disbursed pursuant to this Agreement or further order of the Court.

4.3. No amounts may be withdrawn from the Settlement Fund Account unless (i) authorized by this Agreement; (ii) authorized by the Consumer Settlement Benefits Plan or Notice Plan, after approval by the Court; or (iii) otherwise approved by the Court.

4.4. The Parties agree that the Settlement Fund Account is intended to constitute a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1, *et seq*., and that the Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3). The Parties further agree that the Settlement Fund Account shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund Account as a qualified settlement fund from the earliest date possible.

4.5. Upon or before establishment of the Settlement Fund Account, the Settlement Administrator shall apply for an employer identification number for the Settlement Fund Account utilizing IRS Form SS-4 and in accordance with Treasury Regulation § 1.468B-2(k)(4), and shall provide T-Mobile with that employer identification number on a properly completed and signed IRS Form W-9.

4.6. The Settlement Administrator shall file or cause to be filed, on behalf of the Settlement Fund Account, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(l) and Treasury Regulation § l.468B-2(1)(2). Any contract, agreement, or understanding with the Settlement Administrator relating to the Settlement Fund Account shall require the Settlement Administrator or its agent to file or cause to be filed, on behalf of the Settlement Fund Account, all required federal, state, and local tax returns, information returns, including, but not limited to any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(1) and Treasury Regulation § l.468B-2(1)(2). The Settlement Administrator may, if

14

necessary, secure the advice of a certified public accounting firm in connection with its duties and tax issues arising hereunder the costs of which shall be considered Administrative Costs and paid from the Settlement Fund.

4.7.     All Taxes relating to the Settlement Fund Account shall be paid out of the Settlement Fund Account, shall be considered to be an Administrative Cost of the Settlement, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund Account shall indemnify and hold harmless the Parties and the Parties' Counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments).

4.8.     Following its payment of the Settlement Fund monies as described in Section 3.1 of this Agreement, T-Mobile shall have no responsibility, financial obligation, or liability whatsoever with respect to selection of the Settlement Fund Account, investment of Settlement Fund Account funds, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes, penalties, interest, or other charges related to Taxes imposed on the Settlement Fund Account or its disbursements, payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund Account.

## 5.  Information Security

5.1.     Notwithstanding any other obligation, as part of this Settlement T-Mobile agrees to maintain an incremental spend commitment of at least $150 million for data security and related technology, in the aggregate for years 2022 and 2023 above its previously budgeted baseline.

5.2.    In addition to the information provided to date, T-Mobile will provide Class Counsel additional confirmatory information related to its remediation of the issues directly relevant to the Data Breach.

## 6.    Presentation of Settlement to the Court

6.1.    No later than September 6, 2022, the Settlement Class Representatives and Class Counsel shall file this Agreement along with a motion seeking a Preliminary Approval Order pursuant to the requirements of Federal Rule of Civil Procedure 23(e)(1). Such motion shall also include and seek approval of the Notice Plan and Consumer Settlement Benefits Plan.

6.2.    After entry by the Court of a Preliminary Approval Order, and no later than ten (10) days before the Final Approval Hearing, Settlement Class Representatives shall file a motion seeking final approval of the Settlement and entry of a Final Approval Order and Judgment, including a request that the preliminary certification of the Settlement Classes for settlement purposes be made final.

## 7.    Effective Date and Termination

7.1.    The Effective Date of the Settlement shall be the first Business Day after all of the following conditions have occurred:

7.1.1.    The Parties execute this Agreement;

7.1.2.    The Court enters the Preliminary Approval Order without material change to the Parties' agreed-upon proposed Preliminary Approval Order attached as Exhibit C, which shall include approval of the Notice Plan and Consumer Settlement Benefits Plan to be proposed by Class Counsel;

7.1.3.    Notice is provided to the Settlement Classes in accordance with the Preliminary Approval Order and Notice Plan;

16

7.1.4.   The Court enters the Final Approval Order and Judgment consistent with the requirements as set forth in Section 2.20; and

7.1.5.   The Final Approval Order and Judgment has become final because (i) the time for appeal, petition, rehearing, or other review has expired; or (ii) if any appeal, petition, or request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change, or the appeal is dismissed or otherwise disposed of, and no other appeal, petition, rehearing or other review is pending, and the time for further appeals, petitions, and requests for rehearing or other review has expired.

7.2.   T-Mobile may, in its sole discretion, terminate this Agreement if more than a specified number of individuals submit valid and timely requests to exclude themselves from the Settlement, as agreed to by the Parties and submitted to the Court for *in camera* review. If T-Mobile elects to terminate the Settlement pursuant to this Section 7.2, it shall provide written notice to Class Counsel no later than fifteen (15) Business Days after the Opt-Out Deadline.

7.3.   This Settlement may be terminated by either Settlement Class Representatives or T-Mobile by serving on counsel for the opposing Party and filing with the Court a written notice of termination within ten (10) Business Days (or such longer time as may be agreed between Class Counsel and T-Mobile) after any of the following occurrences:

7.3.1.   Class Counsel and T-Mobile mutually agree to termination before the Effective Date;

7.3.2.   The Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement as set forth in this Settlement Agreement;

7.3.3.   An appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand;

7.3.4.   The Court or any reviewing appellate court incorporates material terms or provisions into, or deletes or strikes material terms or provisions from, or materially modifies, amends, or changes, the Preliminary Approval Order, the proposed Final Approval Order and Judgment, or the Settlement; or

7.3.5.   The Effective Date does not occur.

7.4.   Notwithstanding Sections 7.3.2-7.3.4, if the Parties fail to obtain Preliminary Approval or Final Approval of the Settlement, or if the Final Approval Order and Judgment is not upheld on appeal, the Parties shall negotiate in good faith in an attempt to modify the Settlement in a manner to effectuate the terms of this Agreement to obtain Preliminary Approval and Final Approval. If the Parties are unable to reach an agreement to modify the Settlement consistent with this Section, then either Party may terminate this Agreement by providing written notice of termination, as provided for in Sections 7.3.2-7.3.4.

7.5.   If this Agreement is terminated under Section 7.2 or 7.3 above, the following shall occur:

7.5.1.   Within ten (10) Business Days of receiving notice of a termination event from T-Mobile's Counsel, the Settlement Administrator shall pay to T-Mobile an amount equal to the Settlement Fund, together with any interest or other income earned thereon, less (i) any Taxes paid or due with respect to such income and (ii) any reasonable and necessary Administrative Costs or Notice Costs already actually incurred and paid or payable from the Settlement Fund pursuant to the terms of this Agreement;

7.5.2.   The Parties shall return to the status quo in the Action as if the Parties had not entered into this Agreement;

7.5.3. Any Court orders approving certification of the Settlement Classes and any other orders entered pursuant to this Agreement shall be null and void and vacated, and neither those orders nor any statements made in connection with seeking approval of the Agreement may be used in or cited by any person or entity in support of claims or defenses or in support or in opposition to a future class certification motion in connection with any further proceedings in the Action or in any other action, lawsuit, arbitration, or other proceeding involving a Released Claim; and

7.5.4. This Agreement shall become null and void, and the fact of this Settlement and that T-Mobile did not oppose certification of Settlement Classes shall not be used or cited by any person or entity in support of claims or defenses or in support of or in opposition to a future class certification motion in connection with any further proceedings in the Action or in any other action, lawsuit, arbitration, or other proceeding involving a Released Claim.

## 8.  Consumer Settlement Benefits Plan

8.1. In connection with a motion seeking a Preliminary Approval Order, Class Counsel shall present to the Court for approval the Consumer Settlement Benefits Plan, which shall describe in detail, among other things, (i) the benefits available to Settlement Class Members, (ii) the additional benefits available to California Settlement Subclass Members, and (iii) the process and timing for submitting claims for such benefits.

8.2. The Settlement Administrator shall be responsible for implementing and executing the Consumer Settlement Benefits Plan.

## 9.  Duties of Settlement Administrator

9.1. The Parties agree that Class Counsel will retain, subject to Court approval, an independent Settlement Administrator. The Settlement Administrator shall perform the

19

functions specified in this Agreement, any functions specified in the Notice Plan or Consumer Settlement Benefits Plan after Court approval, and any other functions approved by the Court. In addition to other responsibilities that are described elsewhere in this Agreement (and in the Notice Plan and Consumer Settlement Benefits Plan, once approved by the Court), the duties of the Settlement Administrator shall include:

9.1.1.  Reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members;

9.1.2.  Establishing a reasonably practical procedure, using information obtained from T-Mobile pursuant to Section 10.2, to verify that claimants are Settlement Class Members;

9.1.3.  Establishing and maintaining a post office box for receiving requests for exclusion from the Settlement;

9.1.4.  Establishing and maintaining a Settlement website;

9.1.5.  Responding to Settlement Class Member inquiries via U.S. mail, email, and telephone;

9.1.6.  Establishing a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

9.1.7.  Paying all Taxes relating to the Settlement Fund and Settlement Fund Account;

9.1.8.  Receiving and processing all written requests for exclusion from the Settlement and providing copies thereof to the Parties' Counsel. If the Settlement Administrator receives any requests for exclusion or other requests after the Opt-Out Deadline, the Settlement Administrator shall promptly provide copies thereof to the Parties' Counsel;

9.1.9.  Providing weekly reports that summarize the number of claims, written requests for exclusion, objections, and any other information requested by the Parties' Counsel;

9.1.10.   Within five (5) Business Days after the Opt-Out Deadline, providing a final report to the Parties' Counsel summarizing the number of written requests for exclusion (i.e., requests to opt out) and any other information requested by the Parties' Counsel;

9.1.11.   After the Effective Date, processing and transmitting distributions to Settlement Class Members;

9.1.12.   Prior to the Final Approval Hearing, preparing and executing an affidavit to submit to the Court that identifies each Settlement Class Member who timely and validly requested exclusion from the Settlement; and

9.1.13.   Performing any other functions that the Parties jointly agree are necessary to accomplish administration of the Settlement.

9.2.   As specified in Section 3.2, all Administrative Costs incurred by the Settlement Administrator or otherwise in connection with administering the Settlement shall be paid from the Settlement Fund.

9.3.   Neither the Parties nor the Parties' Counsel shall have any liability whatsoever with respect to any act or omission of the Settlement Administrator, or any of its designees or agents, in connection with its performance of its duties under this Agreement, or under the Notice Plan or Consumer Settlement Benefits Plan once approved by the Court.

9.4.   The Settlement Administrator shall indemnify and hold harmless the Parties and the Parties' Counsel for any liability arising from any act or omission of the Settlement Administrator, or any of its designees or agents, in connection with its performance of its duties under this Agreement, or under the Notice Plan or Consumer Settlement Benefits Plan once approved by the Court.

21

## 10. Notice Plan

10.1.    In connection with a motion seeking a Preliminary Approval Order, Class Counsel shall present the Notice Plan to the Court for approval, which shall describe in detail the process for implementing and executing a plan to notify Settlement Class Members of, among other things, (i) the Settlement, (ii) the availability and process for claiming benefits under the Consumer Settlement Benefits Plan, and (iii) the procedure for Settlement Class Members to object to the Settlement and request exclusion from the Settlement.

10.2.    The Settlement Administrator shall be responsible for implementing and executing the Notice Plan. Within thirty (30) days after the Court's entry of a Preliminary Approval Order, T-Mobile shall provide to the Settlement Administrator a Class List, which shall include Settlement Class Members' full names, current addresses, T-Mobile cell phone number, and email addresses (to the extent available) as reflected in T-Mobile's records. T-Mobile shall also provide the Settlement Administrator a list of those individuals who have either (1) filed or served a written arbitration demand or petition against T-Mobile relating to the Data Breach, or (2) provided written notice to T-Mobile of their intent to pursue arbitration against T-Mobile relating the Data Breach with a description of claims to the address provided in T-Mobile's Terms and Conditions or to T-Mobile's Counsel and are therefore not Settlement Class Members.

10.3.    Should the Settlement be terminated for any of the reasons identified in Sections 7.2 or 7.3, the Settlement Class Representatives, the Settlement Administrator, and Class Counsel shall immediately destroy any and all copies of the Class List described in Section 10.2.

22

10.4.   As specified in Section 3.2, all Notice Costs incurred by the Settlement Administrator or otherwise relating to the Notice Plan shall be paid from the Settlement Fund.  To the extent T-Mobile breaches its obligation to provide the Class List as set forth in Section 10.2, T-Mobile will be responsible any additional Notice Costs directly attributable to the breach.

## 11. CAFA Notice

11.1.   T-Mobile will serve or cause to be served the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, not later than ten (10) days after this Agreement is filed with the Court.

## 12. Covenants Not to Sue

12.1.   The Settlement Class Representatives covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action in any jurisdiction based on or relating to any Released Claim, or the facts and circumstances relating thereto, against any of the Released Parties; (ii) not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Member but who requested to be excluded from the Settlement, in a separate class for purposes of pursuing any action based on or relating to any Released Claim or the facts and circumstances relating thereto, against any of the Released Parties; and (iii) that the foregoing covenants and this Agreement shall be a complete defense to any Released Claim against any of the Released Parties.

## 13. Representations and Warranties

13.1.    Each Party represents that:

      (i)    such Party has the full legal right, power, and authority to enter into and perform this Agreement, subject to Court approval;

      (ii)    such Party is voluntarily entering into the Agreement as a result of arm's-length negotiations conducted by its counsel;

      (iii)    such Party is relying solely upon its own judgment, belief, and knowledge, and the advice and recommendations of its own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof;

      (iv)    such Party has been represented by, and has consulted with, the counsel of its choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and has been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein;

      (v)    the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party;

      (vi)    except as provided herein, such Party has not been influenced to any extent whatsoever in executing the Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party to the Agreement;

      (vii)    each of the Parties assumes the risk of mistake as to facts or law;

      (viii)    this Agreement constitutes a valid, binding, and enforceable agreement; and

      (ix)    no consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

13.2.    The Settlement Class Representatives represent and warrant that they have not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties, and further covenant that they will not assign or otherwise transfer any interest in any of the Released Claims against any of the Released Parties.

13.3. The Settlement Class Representatives represent and warrant that they have no surviving claim or cause of action against any of the Released Parties with respect to any of the Released Claims.

## 14. Releases

14.1. As of the Effective Date, all Releasing Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the Released Parties and any of their current, former, and future affiliates, parents, subsidiaries, representatives, officers, agents, directors, employees, contractors, shareholders, vendors, insurers, reinsurers, successors, assigns, and attorneys, except for claims relating to the enforcement of the Settlement or this Agreement.

14.2. The Released Parties will release and discharge Settlement Class Members, Settlement Class Representatives, and Class Counsel from any claims that arise out of or relate in any way to the institution, prosecution, or settlement of the Action, except for claims relating to the enforcement of the Settlement or this Agreement or claims for breach of this Agreement.

14.3. The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by

25

anyone other than those embodied herein. Notwithstanding any other provision of this Agreement (including, without limitation, this Section), nothing in this Agreement shall be deemed to in any way impair, limit, or preclude the Parties' rights to enforce any provision of this Agreement, or any court order implementing this Agreement, in a manner consistent with the terms of this Agreement.

14.4.    Within ten (10) Business Days after the Effective Date, Class Counsel and the Settlement Class Representatives shall dismiss with prejudice all claims, Actions, or proceedings that are released pursuant to this Agreement.

## 15. No Admission of Wrongdoing

15.1.    This Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Parties as to the merits of any claim or defense. This Agreement shall not be offered or received against T-Mobile as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by T-Mobile with respect to the truth of any fact alleged by any Settlement Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of T-Mobile.

15.2.    This Agreement shall not be construed as or received in evidence as an admission, concession, or presumption against any Settlement Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by T-Mobile have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

15.3.    The negotiation, terms, and entry of the Parties into this Agreement shall remain subject to the provisions of Federal Rule of Evidence 408, all similar state statutes, rules of evidence, and arbitral rules, and the mediation privilege.

15.4.    Notwithstanding the foregoing provisions of Section 15 or any other terms in this Settlement, T-Mobile may use, offer, admit, or refer to this Agreement and to the Settlement, if approved, where it deems necessary to defend themselves in any other action, or in any judicial, administrative, regulatory, arbitrative, or other proceeding, as it deems necessary to comply with or address regulatory and/or disclosure obligations, to pursue insurance and/or other indemnification, and to enforce this Agreement and the Settlement, including the releases contained therein.

## 16. Opt-Outs

16.1.    Any individual who wishes to exclude themselves from the Settlement must submit a written request for exclusion to the Settlement Administrator, which shall be postmarked no later than the Opt-Out Deadline or submitted online through the claims portal and verified no later than the Opt-Out Deadline.

16.2.    The written request for exclusion must:

(i)      Identify the case name of the Action;

(ii)     Identify the name and address of the individual seeking exclusion from the Settlement;

(iii)    Be personally signed by the individual seeking exclusion;

(iv)     Include a statement clearly indicating the individual's intent to be excluded from the Settlement; and

(v)      Request exclusion only for that one individual whose personal signature appears on the request.

16.3.  To be effective and valid, opt-out requests submitted online must verify the request to opt-out no later than the Opt-Out Deadline using the link sent to the individual who submitted the request for exclusion.

16.4.  Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator.

16.5.  Any individual who submits a valid and timely request for exclusion in the manner described herein shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Agreement; (iii) gain any rights by virtue of the Agreement; or (iv) be entitled to object to any aspect of the Settlement.

16.6.  Any individual on the Class List who does not submit a valid and timely request for exclusion in the manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Settlement Classes.

16.7.  Class Counsel agree that this Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class Members.

## 17. Objections

17.1.  Any Settlement Class Member who wishes to object to the Settlement must submit a written objection to the Court on or before the Objection Deadline, as specified in the Preliminary Approval Order.

17.2.  The written objection must include:

   (i)    The case name and number of the Action;

   (ii)   The name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;

(iii)    A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

(iv)    A statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection;

(v)    A statement of the specific grounds for the objection; and

(vi)    A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

17.3.    In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

17.4.    Any Settlement Class Member who fails to object to the Settlement in the manner described in this Agreement and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Agreement by appeal or any other means.

## 18. Service Awards

18.1.    The Settlement Class Representatives and Class Counsel shall submit a request to the Court for payment of Service Awards, not to exceed two thousand five hundred United States Dollars ($2,500) per individual, to the Settlement Class Representatives. Any

request for Service Awards must be filed with the Court at least twenty-one (21) days before the Objection Deadline. If approved by the Court, such Service Awards shall be paid by the Settlement Administrator from the Settlement Fund within twenty-one (21) Business Days after the Effective Date.

18.2.    T-Mobile agrees not to oppose any request to the Court for Service Awards, provided such request does not seek more than two thousand five hundred United States Dollars ($2,500) per individual.

18.3.    The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any Service Awards. If the Court declines to approve, in whole or in part, a request for Service Awards, all remaining provisions in this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Service Awards, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

## 19. Attorneys' Fees and Expenses

19.1.    Class Counsel shall submit a request to the Court for payment of Attorneys' Fees, expressed as a percentage of the value conferred by the Settlement on the Settlement Classes, and for reimbursement of Expenses incurred in prosecuting and settling the Action. Any request for Attorneys' Fees and Expenses must be filed with the Court at least twenty-one (21) days before the Objection Deadline. If approved by the Court, such Attorneys' Fees and Expenses shall be paid by the Settlement Administrator from the Settlement Fund within twenty-one (21) Business Days after the Effective Date.

19.2.   T-Mobile takes no position as to any request to the Court for Attorneys' Fees and Expenses, provided such a request does not seek a fee in excess of thirty percent (30%) of the Settlement Fund.

19.3.   The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any Attorneys' Fees or Expenses. If the Court declines to approve, in whole or in part, a request for Attorneys' Fees or Expenses, all remaining provisions in this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Attorneys' Fees or Expenses, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

## 20. Confidentiality

20.1.   The Parties and the Parties' Counsel agree that the terms of this Settlement shall remain confidential and not be disclosed until the Agreement is publicly filed in connection with the Settlement Class Representatives' motion seeking a Preliminary Approval Order. Notwithstanding the foregoing, T-Mobile may disclose this Agreement for legal, compliance, and regulatory-related purposes.

## 21. Notices

21.1.   All notices to Class Counsel provided for in this Agreement shall be sent by either e-mail or First Class mail to the following:

> Norman E. Siegel
> STUEVE SIEGEL HANSON LLP
> 460 Nichols Road, Suite 200
> Kansas City, MO 64112
> siegel@stuevesiegel.com

31

> Cari Campen Laufenberg
> KELLER ROHRBACK L.L.P.
> 1201 3rd Ave., Ste. 3200
> Seattle, WA 98101
> claufenberg@kellerrohrback.com
>
> James J. Pizzirusso
> HAUSFELD LLP
> 888 16th St. NW, Ste. 300
> Washington, DC 20006
> jpizzirusso@hausfeld.com

21.2.   All notices to T-Mobile or T-Mobile's Counsel provided for in this Agreement shall be

sent by either e-mail or First Class mail to the following:

> Kristy McAlister Brown
> Donald M. Houser
> ALSTON & BIRD LLP
> 1201 West Peachtree Street NW
> Atlanta, GA  30309
> kristy.brown@alston.com
> donald.houser@alston.com

21.3.   All notices to the Settlement Administrator provided for in this Agreement shall be sent

by either e-mail or First Class mail to the following:

> T-Mobile Settlement Administrator
> PO Box 225391
> New York, NY 10150-5391
> info@t-mobilesettlement.com

21.4.   The notice recipients and addresses designated in this Section may be changed by written

notice posted to the Settlement website.

## 22. Miscellaneous Provisions

22.1.   Further Steps. The Parties agree that they each shall undertake any further required steps

to effectuate the purposes and intent of this Agreement.

22.2.   Cooperation. The Parties: (i) acknowledge that it is their intent to consummate this

Settlement Agreement and (ii) agree to cooperate to the extent reasonably necessary to

32

effect and implement all terms and conditions of the Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement.

22.3.    Contact with Settlement Class Members. The Parties agree that Class Counsel may communicate with Settlement Class Members regarding the Settlement, subject to the limitations of Section 22.25, and T-Mobile shall not interfere with such communication.

22.4.    Contractual Agreement. The Parties understand and agree that all terms of this Agreement, including the exhibits hereto, are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

22.5.    Recitals.  The recitals set forth above in Section 1 shall be and hereby are terms of this Agreement as if set forth herein.

22.6.    Headings.  Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

22.7.    Integration. This Agreement constitutes the entire agreement among the Parties and no representations, warranties, or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants expressly contained and memorialized herein.

22.8.    Exhibits. The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

22.9.    Drafting. The language of all parts of this Agreement shall in all cases be construed as a whole, according to their fair meaning, and not strictly for or against any Party. No Party shall be deemed the drafter of this Agreement. The Parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between the Parties and their counsel. Each Party and their counsel cooperated in the drafting and preparation of the Agreement. In any construction to be made of the Agreement, the Agreement shall not be construed against any Party and any canon of contract interpretation to the contrary shall not be applied.

22.10.    Modification or Amendment. This Agreement may not be modified or amended, nor may any of its provisions be waived, except by an express writing signed by the Parties who executed this Agreement, or their successors.

22.11.    Waiver. The failure of a Party to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement. By participating in this Settlement, which includes certain Settlement Class Members who are otherwise required to arbitrate their disputes with T-Mobile, T-Mobile does not waive, and instead expressly preserves, its arbitration agreements with those Settlement Class Members with respect to any and all claims other than the Released Claims.

22.12.    Severability. Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the

Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder.

22.13.  Counterparts. This Agreement may be executed using DocuSign. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

22.14.  Electronic Mail. Transmission of a signed Agreement by electronic mail shall constitute receipt of an original signed Agreement by mail.

22.15.  Successors and Assigns. The Agreement shall be binding upon, and inures to the benefit of, the heirs, executors, successors, and assigns of the Parties hereto.

22.16.  Survival. The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

22.17.  Governing Law. All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of Missouri, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

22.18.  Confidentiality of Class List. The Settlement Administrator shall use the Class List solely for purposes of fulfilling its duties and obligations under the Settlement. The Settlement Administrator shall keep the Class List confidential and shall not disclose the Class List except to its agents to the extent necessary to fulfill its duties and obligations under the Settlement.

22.19.  Interpretation. The following rules of interpretation shall apply to this Agreement:

(i)     Definitions apply to the singular and plural forms of each term defined.

(ii)    Definitions apply to the masculine, feminine, and neuter genders of each term defined.

(iii)   Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

22.20.   <u>Fair and Reasonable</u>. The Parties and the Parties' Counsel believe this Agreement is a fair and reasonable compromise of the disputed claims and in the best interest of the Parties.  The Parties have arrived at this Agreement as a result of extensive arms-length negotiations.

22.21.   <u>Retention of Jurisdiction</u>. The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement. The Court also shall retain exclusive jurisdiction over any determination of whether any subsequent suit is released by the Settlement Agreement.

22.22.   <u>Confidentiality of Discovery Material</u>. The Parties, the Parties' Counsel, and any retained or consulting experts, agree that each of them remain subject to the Court's Protective Order with respect to any discovery materials produced formally or informally thereunder.

22.23.   <u>No Government Third-Party Rights or Beneficiaries</u>. No government agency or official can claim any rights under this Agreement or Settlement.

22.24.   <u>No Collateral Attack</u>. The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after the Judgment is entered.

22.25. <u>Public Statements</u>. The Parties agree not to make disparaging statements to the press regarding the Settlement or any Party. The Parties may publicly discuss the Settlement, the terms of the Settlement, any matter addressed in plaintiffs' motion for Preliminary Approval Order, or any other matter as required by law or regulation.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized counsel:

**Class Counsel on behalf of the Settlement Class Representatives (who have specifically assented to the terms of this Settlement Agreement) and the Settlement Classes:**

Name: Norman E. Siegel
Date:        7/20/22

Name: Cari C. Laufenberg
Date:   7/20/22

Name: James J. Pizzirusso
Date:   7.20.22

**Defendant T-Mobile US, Inc.:**

Name:
Title:
Date:

**Defendant T-Mobile USA, Inc.:**

Name:
Title:
Date:

DocuSign Envelope ID: 1F3848AE-F2A7-47B0-803C-5710BC54B04A

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized counsel:

**Class Counsel on behalf of the Settlement Class Representatives (who have specifically assented to the terms of this Settlement Agreement) and the Settlement Classes:**

**Defendant T-Mobile US, Inc.:**

DocuSigned by:

*Peter Osvaldik*

B167F38E07334AC...

Name: Peter Osvaldik
Title: EVP Finance & CFO
Date: 7/21/2022 | 3:37 PM PDT

_____

Name: Norman E. Siegel
Date:

**Defendant T-Mobile USA, Inc.:**

DocuSigned by:

*Peter Osvaldik*

B167F38E07334AC...

Name: Peter Osvaldik
Title: EVP Finance & CFO
Date: 7/21/2022 | 3:37 PM PDT

_____

Name: Cari C. Laufenberg
Date:

_____

Name: James J. Pizzirusso
Date:

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

IN RE: T-MOBILE CUSTOMER DATA  )
SECURITY BREACH LITIGATION,   ) MDL No. 3019
                )
                ) Master Case No. 4:21-md-03019-BCW
THIS DOCUMENT RELATES TO:   )
                )
ALL ACTIONS          )
                )
                )

### EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE: SCHEDULE OF ACTIONS

| Case Caption | Court | Civil Action No.[1] | Judge |
|---|---|---|---|
| **Plaintiffs:** David H. Feinberg, Lisa M. Jackson, and Lakisatha D. King **Defendant:** T-Mobile USA, Inc. | C.D. California | 2:21-cv-7531 (4:21-cv-873) | John A. Kronstadt and Magistrate Patricia Donahue |
| **Plaintiff:** Henry Thang **Defendant:** T-Mobile US, Inc. | N.D. California | 5:21-cv-6473 (4:21-cv-851) | Beth Labson Freeman and Magistrate Nathanael M. Cousins |
| **Plaintiff:** James Achermann **Defendant:** T-Mobile USA, Inc. | N.D. California | 3:21-cv-8995 (4:22-cv-65) | James Donato |
| **Plaintiff:** Vagish Shanmukh **Defendant:** T-Mobile USA, Inc. | N.D. California | 3:21-cv-7581 (4:21-cv-876) | Beth Labson Freeman and Magistrate Nathanael M. Cousins |

---

[1] The Western District of Missouri civil action number is in parentheses below the number from the transferor court.

| Case Caption | Court | Civil Action No.[1] | Judge |
|---|---|---|---|
| **Plaintiff:** Audreana Lauren Lang **Defendant:** T-Mobile USA, Inc. | N.D. California | 5:21-cv-6879 (4:21-cv-875) | Beth Labson Freeman and Magistrate Nathanael M. Cousins |
| **Plaintiff:** Stephen Vash **Defendant:** T-Mobile US, Inc. | N.D. Georgia | 1:21-cv-3384 (4:21-cv-852) | Steve C. Jones |
| **Plaintiff:** Naimatullah Nyazee **Defendant:** T-Mobile USA, Inc. | E.D. Missouri | 4:21-cv-1517 (4:22-cv-20) | Audrey G. Fleissig |
| **Plaintiff:** Alexis Lomax **Defendant:** T-Mobile USA, Inc. | D. Nevada | 2:21-cv-1764 (4:21-cv-877) | Richard F. Boulware, II and Magistrate Daniel J. Albregts |
| **Plaintiffs:** Norma Savick[2] and Mark Savick **Defendant:** T-Mobile USA, | D. New Jersey | 3:21-cv-16005 (4:21-cv-878) | Zahid N. Quraishi and Magistrate Douglas E. Arpert |
| **Plaintiffs:** Hassan Sadrgilany and Deborah Dames **Defendant:** T-Mobile USA, Inc. | D. New Jersey | 3:21-cv-16155 (4:21-cv-879) | Zahid N. Quraishi and Magistrate Douglas E. Arpert |
| **Plaintiff:** Raymond Christie **Defendant:** | D. New Jersey | 3:21-cv-16181 (4:21-cv-880) | Zahid N. Quraishi and |

---

[2]  The Court dismissed plaintiff Norma Savick's claims after she filed a notice of voluntary dismissal. ECF Nos. 105, 109.  Mark Savick is also a named plaintiff in this action, but neither the notice of dismissal nor the Court's subsequent order dismissed plaintiff Barton's claims. *See id.* For this reason, we are including this action.

| Case Caption | Court | Civil Action No.[1] | Judge |
|---|---|---|---|
| T-Mobile USA, Inc. | | | Magistrate Douglas E. Arpert |
| **Plaintiffs:** Ivette Delerme and Thomas MacNish **Defendant:** T-Mobile USA, Inc. | D. New Jersey | 3:21-cv-16299 (4:21-cv-881) | Zahid N. Quraishi and Magistrate Douglas E. Arpert |
| **Plaintiffs:** Jose Palomino and Jessica Tuck **Defendant:** T-Mobile USA, Inc. | D. New Jersey | 3:21-cv-16536 (4:21-cv-882) | Zahid N. Quraishi and Magistrate Douglas E. Arpert |
| **Plaintiff:** Edmund Metzger, Dejan Dex Lipovic, Daniela Lipovic, Zorka Lipovic, Marina Lipovic, Nikola Lipovic, Aleksander Lipovic, William Mabe, Maria Rapestkaya, and Judith Weil **Defendant:** T-Mobile USA, Inc. | E.D. New York | 2:21-cv-4721 (4:21-cv-853) | Joan M. Azrack and Magistrate Anne Y. Shields |
| **Plaintiff:** Tiffany Bensen **Defendant:** T-Mobile USA, Inc. | W.D. New York | 6:21-cv-6628 (4:21-cv-883) | Frank P. Geraci, Jr. |
| **Plaintiffs:** Stephanie Peralta,[3] Brian Grady, and Michael Jones **Defendant:** T-Mobile US, Inc. | W.D. Oklahoma | 5:21-cv-838 (4:21-cv-884) | Joe L. Heaton |
| **Plaintiffs:** | S.D. Texas | 7:21-cv-322 (4:21-cv-885) | Ricardo H. Hinojosa |

---

[3] The Court dismissed plaintiff Stephanie Peralta's claims after she filed a notice of voluntary dismissal. ECF Nos. 105, 109. Brian Grady and Michael Jones are also named plaintiffs in this action, but neither the notice of dismissal nor the Court's subsequent order dismissed plaintiffs Grady's or Jones's claims. *See id.* For this reason, we are including this action.

| Case Caption | Court | Civil Action No.[1] | Judge |
|---|---|---|---|
| David Winkler[4] and Cory Barton<br>**Defendant:**<br>T-Mobile USA, Inc. | | | |
| **Plaintiffs:**<br>Veera Daruwalla, Michael March, and Lavicieia Sturdivant<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D Washington | 2:21-cv-1118<br>(4:21-cv-854) | Barbara J. Rothstein |
| **Plaintiffs:**<br>Stephanie Espanoza, Jonathan Morales, and Alex Pygin<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1119<br>(4:21-cv-855) | Barbara J. Rothstein |
| **Plaintiff:**<br>Leon Carp<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1130<br>(4:21-cv-886) | Barbara J. Rothstein |
| **Plaintiffs:**<br>Crystal Lam and Nina Phan<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1137<br>(4:21-cv-887) | Barbara J. Rothstein |
| **Plaintiffs:**<br>Deirdre Donovan, Beth Byrd Kevin Curran, and Allan Spielman<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1138<br>(4:21-cv-888) | Barbara J. Rothstein |
| **Plaintiff:**<br>Franklin Hughes<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1139<br>(4:21-cv-889) | Barbara J. Rothstein |

---

[4] The Court dismissed plaintiff David Winkler's claims after he filed a notice of voluntary dismissal. ECF Nos. 105, 109. Cory Barton is also a named plaintiff in this action, but neither the notice of dismissal nor the Court's subsequent order dismissed plaintiff Barton's claims. *See id.* For this reason, we are including this action.

4

| Case Caption | Court | Civil Action No. [1] | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Ania Villalon<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1148<br>(4:21-cv-890) | Barbara J. Rothstein |
| **Plaintiffs:**<br>Randall Norris and Misty Norris<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1153<br>(4:21-cv-891) | Barbara J. Rothstein |
| **Plaintiff:**<br>Valerie Rogoff<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1157<br>(4:21-cv-892) | Barbara J. Rothstein |
| **Plaintiff:**<br>Stuart Schulper<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1161<br>(4:21-cv-893) | Barbara J. Rothstein |
| **Plaintiffs:**<br>Michael Harper, Sue Harper<br>Melanie Jaquess, Chuck Sallade,<br>and Michael Malone<br>**Defendant:**<br>T-Mobile US, Inc. | W.D. Washington | 2:21-cv-1169<br>(4:21-cv-894) | Barbara J. Rothstein |
| **Plaintiffs:**<br>Timothy Akins, Tara Millhouse,<br>Pamela Lane, Cedric Gay, Lori<br>Williams, Bryan Morton, Sajan<br>George, Cynthia Halton, Sean<br>Jordan, and Terri Marble<br>**Defendant:**<br>T-Mobile US, Inc. | W.D. Washington | 2:21-cv-1179<br>(4:21-cv-895) | Barbara J. Rothstein |
| **Plaintiff:**<br>Daniel Simaan<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1181<br>(4:21-cv-896) | Barbara J. Rothstein |
| **Plaintiff:**<br>Alexis Huerta | W.D. Washington | 2:21-cv-1183<br>(4:21-cv-897) | Barbara J. Rothstein |

| Case Caption | Court | Civil Action No.[1] | Judge |
|---|---|---|---|
| **Defendant:**<br>T-Mobile USA, Inc. | | | |
| **Plaintiffs:**<br>Devon Avery, Blondel Garner, Brian Hayes, Daniel Moon, and Timothy Ryan<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1189<br>(4:21-cv-898) | Barbara J. Rothstein |
| **Plaintiff:**<br>Sheila Hamilton-Bynum<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1190<br>(4:21-cv-899) | Barbara J. Rothstein |
| **Plaintiff:**<br>Daniel Strenfel<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1208<br>(4:21-cv-900) | Barbara J. Rothstein |
| **Plaintiff:**<br>Richard Halpern<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1226<br>(4:21-cv-901) | Barbara J. Rothstein |
| **Plaintiffs:**<br>Mark Glinoga, James Smith, Jennifer Stephens, Charles Popp, Rudolph Winn, Stephanie Miller, Karla Williams, and Chris Jarvis<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1245<br>(4:21-cv-902) | Barbara J. Rothstein |
| **Plaintiff:**<br>Richard Wellman<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1250<br>(4:21-cv-918) | Barbara J. Rothstein |
| **Plaintiff:**<br>Matthew Brackman<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1277<br>(4:21-cv-904) | Barbara J. Rothstein |

| Case Caption | Court | Civil Action No.[1] | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Dinah Augustin<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1321<br>(4:21-cv-905) | Barbara J. Rothstein |
| **Plaintiffs:**<br>John Cooke, Peter Luna, and Leotha Scott-Boone<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1324<br>(4:21-cv-906) | Barbara J. Rothstein |
| **Plaintiffs:**<br>Jack (John) Precour, William Captain Reed, Cesar Lopez, Tomasina Enoch, Marshall P. Jones Jr., Cornelia Clay Fulghum, and Diego Quintanilla<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1415<br>(4:21-cv-907) | Barbara J. Rothstein |
| **Plaintiffs:**<br>Linda Song, Rachel Gurley, Andrew Luna, Mario Gordon, and Melani Gordon<br>**Defendant:**<br>T-Mobile USA, Inc. | W.D. Washington | 2:21-cv-1460<br>(4:21-cv-908) | Barbara J. Rothstein |

7

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: T-MOBILE CUSTOMER DATA | ) | |
| SECURITY BREACH LITIGATION, | ) | MDL No. 3019 |
| | ) | |
| | ) | Master Case No. 4:21-md-03019-BCW |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| ALL ACTIONS | ) | |
| | ) | |
| | ) | |

**EXHIBIT B TO SETTLEMENT AGREEMENT AND RELEASE:
LIST OF SETTLEMENT CLASS REPRESENTATIVES**

**SETTLEMENT CLASS REPRESENTATIVES**

| Last Name | First Name |
|---|---|
| Arroyo | Shana |
| Avery | Devon |
| Baer | Wende |
| Bagley | William |
| Baney | Kimberly |
| Bauer | Tonya |
| Berninger | Marc |
| Burt | William |
| Clark | Nathan |
| Clark | Stephen |
| Cortez | Damian |
| Creagh-Kelly | Clarissa |
| Daly | Neil |
| Davis | Emerson |
| Davis | Jonathan |
| DeHaven | April |
| Dollson | Robin |
| Ford | John |
| Garner | Blondel |
| Gonzalez | Christina |

| Last Name | First Name |
|---|---|
| Gonzalez | Oscar |
| Gonzalez | Shawn |
| Grant | Alexis |
| Gurley | Rachel |
| Harris | LaTasha |
| Honeycutt | Mona |
| Howard | Shirley |
| Huxley | Sam |
| Kanaan | Daniel |
| Kaplan | Mark |
| Kobernick | Jill |
| Lambert | William |
| Lomax | Alexis |
| Lopez | Cesar |
| Luna | Andrew |
| Luna | Peter |
| Markham | George |
| McClain | Tashona |
| Mendelow | Matt |
| Mizell | Daniel |

| Last Name | First Name |
|-----------|------------|
| Moore | Richard |
| Nater | Nora |
| Pahulu | Holly |
| Pawlowski | Robert |
| Prescott | Deric |
| Purnell | Victoria |
| Remus | Kevin |
| Ruset | Benjamin |
| Salahuddin | Roxanne |
| Simms | Regina |
| Sisson | Rodney |
| Snider | Dana |

| Last Name | First Name |
|-----------|------------|
| Song | Linda |
| Sperling | Gregg |
| Strenfel | Daniel |
| Sutton | Park |
| Taylor | Robert |
| Thang | Henry |
| Tuck | Jessica |
| Union | Kenshaye |
| Vanvoorhis | Dina |
| Wilhite | Amber |
| Williams | Tera |
| Wilson | Omia |

**CALIFORNIA SETTLEMENT SUBCLASS REPRESENTATIVES**

| Last Name | First Name |
|-----------|------------|
| Kobernick | Jill |
| Strenfel | Daniel |
| Thang | Henry |

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: T-MOBILE CUSTOMER | ) | |
| DATA SECURITY BREACH LITIGATION | ) | MDL No. 3019 |
| | ) | |
| | ) | Master Case No. 4:21-md-03019-BCW |
| _____ | ) | |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

**WHEREAS**, the Parties to the above-described Action have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, regarding certain matters in connection with a proposed settlement of the Action, in accordance with the Class Action Settlement Agreement and Release (the "Settlement" or "Settlement Agreement") entered into by the Parties as of July 22, 2022 (which, together with its exhibits, is incorporated herein by reference) and dismissing the Action upon the terms and conditions set forth in the Settlement Agreement;

**WHEREAS**, all capitalized terms used in this Order have the same meanings as set forth in the Settlement Agreement;

**WHEREAS**, the Parties reached a settlement as a result of arm's-length negotiations between the Parties and their counsel, under the supervision of a preeminent mediator, the Hon. Diane M. Welsh (Ret.); and

**WHEREAS**, the Court has carefully reviewed the Settlement Agreement, including the exhibits attached thereto and all files, records, and prior proceedings to date in this matter, and good cause appearing based on the record;

**IT IS HEREBY ORDERED** that:

The Settlement Agreement, including the exhibits attached thereto, are preliminarily approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, pending a Final Approval Hearing on the Settlement as provided herein.

1.      Stay of the Action. Pending the Final Approval Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

2.      Directive to Issue Notice to Settlement Class. Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that it has sufficient information to enable it to determine whether to give notice of the proposed Settlement to the Settlement Class and California Settlement Subclass. The Court further finds that the proposed Settlement and Notice Plan meet the requirements of Rule 23(e) and that the Court will likely be able to certify the Settlement Class and California Settlement Subclass for purposes of judgment on the Settlement.

The Court finds that the Settlement Class Representatives and Class Counsel have adequately represented the Settlement Classes. The Court further finds that the Settlement was negotiated at arm's length by informed and experienced counsel, who were overseen by a retired United States Magistrate Judge acting as mediator. The relief provided to the Settlement Classes under the Settlement is adequate. There would be substantial costs, risks and delay associated with proceeding to trial and potential appeal. The method proposed for distributing relief to the Settlement Classes and processing claims, including the Consumer Settlement Benefits Plan, is adequate and effective. The proposed award of Attorneys' Fees and Expenses, including the timing of such payment, is reasonable, subject to the Court's review of a timely filed fee application. The Court further finds that the Settlement is adequate in light of the separately filed agreement providing a right for T-Mobile to terminate the Settlement Agreement if a significant number of Settlement Class Members opt out of the Settlement. Finally, the Court finds that the proposed Settlement treats Settlement Class Members equitably relative to each other.

For these reasons, the Court concludes and determines that it will likely be able to certify

the proposed Settlement Class and California Settlement Subclass under Rule 23(b)(3) of the Federal Rules of Civil Procedure, as it finds that: (a) the Settlement Class and California Settlement Subclass certified herein comprise millions of persons, and joinder of all such persons would be impracticable, (b) there are questions of law and fact that are common to the Settlement Class and California Settlement Subclass, and those common questions of law and fact predominate over any questions affecting any individual Settlement Class Member; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class and, as applicable, California Settlement Subclass, they seek to represent for purposes of the Settlement; (d) a class action is superior to other available means of adjudicating this dispute; and (e) as set forth below, Settlement Class Representatives and Class Counsel are adequate representatives of the Settlement Class and, as applicable, California Settlement Subclass.

3.    <u>Class Definition</u>. The Court hereby certifies, for settlement purposes only, a Settlement Class consisting of: the approximately 76.6 million U.S. residents identified by T-Mobile whose information was compromised in the Data Breach, as reflected in the Class List. For the avoidance of doubt, the Settlement Class includes the California Settlement Subclass. Excluded from the Settlement Class are (i) T-Mobile, any entity in which T-Mobile has a controlling interest, and T-Mobile's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; (iii) any individual who timely and validly opts out of the Settlement; and (iv) all individuals who on or before the date the Court enters the Preliminary Approval Order have either (1) filed or served a written arbitration demand or petition against T-Mobile relating to the Data Breach, or (2) provided written notice to T-Mobile of their intent to pursue arbitration against T-Mobile relating the Data Breach with a description of

claims to the address provided in T-Mobile's Terms and Conditions or to T-Mobile's Counsel.

The Court further hereby certifies, for settlement purposes only, a California Settlement Subclass consisting of: members of the Settlement Class that were residents of the State of California on August 1, 2021.

4. <u>Settlement Class Representatives</u>. For purposes of the Settlement only, the Court finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that plaintiffs identified in Exhibit B to the Settlement Agreement ("Settlement Class Representatives") will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action and appoints them as Settlement Class Representatives. The Court further finds that plaintiffs Jill Kobernick, Daniel Strenfel, and Henry Thang will also fairly and adequately represent the interests of the California Settlement Subclass in enforcing their rights in the Action and appoints them as Settlement Class Representatives for the California Settlement Subclass. The Court preliminarily finds that they are similarly situated to absent Settlement Class Members and are therefore typical of the Settlement Classes, and that they will be adequate class representatives.

5. <u>Class Counsel</u>. For purposes of the Settlement, the Court appoints Norman E. Siegel of Stueve Siegel Hanson LLP, Cari Campen Laufenberg of Keller Rohrback L.L.P., and James J. Pizzirusso of Hausfeld LLP as Class Counsel to act on behalf of the Settlement Class Representatives and the Settlement Classes with respect to the Settlement. The Court authorizes Class Counsel to enter into the Settlement on behalf of the Settlement Class Representatives and the Settlement Classes, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

6. <u>Notice Provider and Settlement Administrator</u>. The Court appoints Kroll Settlement Administration LLC as Settlement Administrator to administer the Notice Plan and the processing

of claims. The Court directs that the Settlement Administrator effectuate the Settlement Agreement in coordination with Class Counsel, subject to the jurisdiction and oversight of this Court.

7.      CAFA Notice. Within ten (10) days after the filing of the Motion for Preliminary Approval, T-Mobile shall serve or cause to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

8.      Notice Plan. The Notice Plan submitted with the Motion for Preliminary Approval and the forms of notice attached thereto satisfy the requirements of Federal Rule of Civil Procedure 23 and are thus approved. Non-material modifications to the notices may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement and to perform all other tasks that the Settlement Agreement requires. Prior to the Final Approval Hearing, Class Counsel shall cause to be filed with the Court an appropriate declaration with respect to complying with the provisions of the Notice Plan.

The Court further finds that the form, content, and method of giving notice to the Settlement Classes as described in the Notice Plan submitted with the Motion for Preliminary Approval: (a) constitute the best practicable notice to the Settlement Classes; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be

readily understandable by Settlement Class Members.

9.    Class List; Identification of Arbitrations. Within thirty (30) days after this Order, T-Mobile shall provide to the Settlement Administrator a Class List, which shall include Settlement Class Members' full names, current addresses, T-Mobile cell phone numbers, and email addresses (to the extent available) as reflected in T-Mobile's records. T-Mobile shall also provide the Settlement Administrator a list of those individuals who have filed or served a written arbitration demand or petition against T-Mobile relating to the Data Breach, or provided written notice to T-Mobile of their intent to pursue arbitration against T-Mobile relating to the Data Breach with a description of claims to the address provided in T-Mobile's Terms and Conditions or to T-Mobile's Counsel, on or before the date of this Order, and who are therefore not Settlement Class Members.

10.    Provider of Monitoring and Restoration Services. The Court appoints Intersections, LLC d/b/a Pango ("Pango") as the provider of monitoring and restoration services to eligible Settlement Class Members as set forth in the Consumer Settlement Benefits Plan. The Court directs that Pango effectuate the Settlement Agreement in coordination with Class Counsel and the Settlement Administrator, subject to the jurisdiction and oversight of this Court.

11.    Consumer Settlement Benefits Plan. The Court has reviewed and considered the Consumer Settlement Benefits Plan proposed by Class Counsel and finds that it is fair and reasonable and equitably distributes Settlement benefits amongst Settlement Class Members. The Court directs Class Counsel, the Settlement Administrator, and Pango to implement the Consumer Settlement Benefits Plan in accordance with its own terms, the Settlement Agreement, and the Court's orders.

12.    Deadline to Submit Claim Forms. As set forth in the Consumer Settlement Benefits Plan, Settlement Class Members will have until ninety (90) calendar days from the Notice Date to

submit their claim forms ("Claims Deadline"), which is adequate and sufficient time.

13.     <u>Exclusion from Settlement Class</u>. Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such person who desires to request exclusion must submit written notice of such intent online through the claims portal or via United States mail to the designated Post Office box established by the Settlement Administrator. The written notice must (i) identify the case name of the Action; (ii) identify the name and address of the individual seeking exclusion from the Settlement; (iii) be personally signed by the individual seeking exclusion; (iv) include a statement clearly indicating the individual's intent to be excluded from the Settlement; and (v) request exclusion only for that one individual whose personal signature appears on the request. Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator. To be effective, the written notice shall be postmarked no later than the Opt-Out Deadline or submitted online through the claims portal and verified no later than the Opt-Out Deadline in accordance with the Settlement. All those persons submitting valid and timely notices of exclusion shall not be entitled to receive any benefits of the Settlement.

Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the release set forth in the Settlement Agreement and incorporated in the Judgment.

14.     <u>Final Approval Hearing</u>. A hearing will be held by this Court in the Courtroom of The Honorable Brian C. Wimes, United States District Court for the Western District of Missouri,

Charles Evans Whittaker United States Courthouse, Courtroom 7D, 400 E. 9th Street, Kansas City,

Missouri 64106, at _____ __.m. on _____, 2022 ("Final Approval Hearing"),

to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to

the Settlement Classes; (b) whether a Final Approval Order and Judgment should be entered;

(c) whether the Settlement benefits as proposed in the Settlement Agreement and Consumer

Settlement Benefits Plan should be approved as fair, reasonable, and adequate; (d) whether to

approve the application for Service Awards for the Settlement Class Representatives and an award

of Attorneys' Fees and Expenses; and (e) any other matters that may properly be brought before

the Court in connection with the Settlement. The Court may approve the Settlement with such

modifications as the Parties may agree to, if appropriate, without further notice to the Settlement

Class.

     15.   <u>Objections and Appearances</u>. Any Settlement Class Member may enter an

appearance in the Action, at their own expense, individually or through counsel of their own

choice. If a Settlement Class Member does not enter an appearance, they will be represented by

Class Counsel. Any Settlement Class Member who wishes to object to the Settlement, the

Settlement benefits, Service Awards, and/or the Attorneys' Fees and Expenses, or to appear at the

Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair,

reasonable, and adequate to the Settlement Class, why a Final Approval Order and Judgment

should not be entered thereon, why the Settlement benefits should not be approved, or why the

Service Awards and/or the Attorneys' Fees and Expenses should not be granted, may do so, but

must proceed as set forth in this paragraph. No Settlement Class Member will be heard on such

matters unless they have filed in this Action the objection, together with any briefs, papers,

statements, or other materials the Settlement Class Member wishes the Court to consider, within

forty-five (45) calendar days following the Notice Date. Any objection must include: (i) the case name and number of the Action; (ii) the name, address, telephone number of the objecting Settlement Class Member, and if represented by counsel, of his/her counsel; (iii) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (iv) a statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection; (v) a statement of the specific grounds for the objection; and (vi) a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Settlement Agreement and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or any other means. With leave of Court for good cause shown, the Parties may take discovery of an objector or an objector's counsel.

16. <u>Claimants</u>. Settlement Class Members who submit within ninety (90) days of the Notice Date a valid claim form approved by the Settlement Administrator may qualify to receive

Settlement benefits. Any such Settlement Class Member who does not submit a timely claim form in accordance with this Order shall not be entitled to receive such benefits, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, all Settlement Class Members, even those who do not enroll in identity defense services or do not submit a claim, will be entitled to utilize restoration services offered through Pango throughout the duration of that service. Class Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Settlement Administrator, so long as processing does not materially delay distribution of compensation to Settlement Class Members. No person shall have any claim against Class Counsel or the Settlement Administrator by reason of the decision to exercise discretion whether to accept late-submitted claims.

17.     <u>Stay and Injunction</u>. The Court hereby stays and enjoins pending Final Approval of the Settlement all actions and other proceedings brought by Settlement Class Members concerning any Released Claims, except that individuals that validly and timely opt out of the Settlement shall not be subject to any stay or injunction.

18.     <u>Final Approval Briefing</u>. All opening briefs and supporting documents in support of a request for Final Approval of the Settlement and Settlement benefits must be filed and served at least ten (10) days prior to the Final Approval Hearing. All briefing and supporting documents in support of an application for Attorneys' Fees and Expenses and Service Awards must be filed twenty-one (21) days prior to the Objection Deadline.

19.     <u>Reasonable Procedures</u>. Class Counsel and T-Mobile's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of

the notices and other exhibits that they jointly agree are reasonable or necessary to further the purpose of effectuating the Parties' Settlement Agreement.

20.     <u>Extension of Deadlines</u>. Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Settlement Classes. Settlement Class Members must check the Settlement website (www.t-mobilesettlement.com) regularly for updates and further details regarding extensions of these deadlines. The Court reserves the right to adjourn or continue the Final Approval Hearing, and/or to extend the deadlines set forth in this Order, without further notice of any kind to the Settlement Classes.

21.     <u>Termination of the Settlement and Use of this Order</u>. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Effective Date does not occur or the Settlement is otherwise terminated in accordance with the terms of the Settlement.  In such an event, the Settlement shall become null and void and shall be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.  For the avoidance of doubt, if the Effective Date does not occur or the Settlement is otherwise terminated in accordance with the terms of the Settlement, then neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be: (1) construed or used as an admission, concession, or declaration by or against T-Mobile of any fault, wrongdoing, breach, liability, or the certifiability of any class; (2) construed or used as an admission, concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that his or her claim lacks

merit or that the relief requested is inappropriate, improper, or unavailable; or (3) construed or used as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

22.     In sum, the Court enters the following deadlines:

| **ACTION** | **DATE** |
|---|---|
| T-Mobile Provides Class List and Identification of Arbitrations | Within 30 days following entry of this Order |
| Notice Date | 90 days following entry of this Order |
| Proof of Notice Submitted | At least 10 days prior to the Final Approval Hearing |
| Motion for Attorneys' Fees and Expenses, and Service Awards | 21 days prior to the Objection Deadline |
| Exclusion / Opt-Out Deadline | 45 days after Notice Date |
| Objection Deadline | 45 days after Notice Date |
| Final Approval Brief and Response to Objections Due | At least 10 days prior to the Final Approval Hearing |
| Final Approval Hearing | (To be scheduled no earlier than 160 days after entry of this Order) |
| Deadline to Submit Claims | 90 days after Notice Date |

**IT IS SO ORDERED:**

Date: _____

_____
Hon. Brian C. Wimes
United States District Judge