# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: T-MOBILE CUSTOMER DATA SECURITY BREACH LITIGATION, | ) ) ) ) ) | MDL No. 3019<br><br>Master Case No. 4:21-MD-03019-BCW |
| ALL ACTIONS | ) | |

## PRELIMINARY APPROVAL ORDER

Before the Court is Plaintiffs' Motion for Preliminary Approval and to Direct Notice of Proposed Settlement to the Class. (Doc. #157). The Court, being duly advised of the premises, having held a hearing on the motion on July 26, 2022, and with Defendants having no objection, grants said motion.

On July 22, 2022, the Parties entered into a Class Action Settlement Agreement and Release (the "Settlement" or "Settlement Agreement") of the above-captioned matter ("the Action") and filed a motion for preliminary approval of the Settlement Agreement, pursuant to Fed. R. Civ. P. 23(e), regarding certain matters in connection with a proposed settlement of the Action and dismissing the Action upon the terms and conditions set forth in the Settlement Agreement. The Settlement Agreement, together with its exhibits, is incorporated by reference. The capitalized terms used in this Preliminary Approval Order ("the Order") have the same meanings as set forth in the Settlement Agreement.

The Court, having carefully reviewed the Settlement Agreement (including all attached exhibits), reached by the Parties as a result of arm's-length negotiations under the supervision of a preeminent mediator, the Hon. Diane M. Welsh (Ret.), and with the Court having reviewed all files, records, and prior proceedings to date in this matter, and for good cause shown, preliminarily approves the Parties' Settlement as follows.

1

IT IS HEREBY ORDERED the Settlement Agreement, including the exhibits attached thereto, are preliminarily approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, pending a Final Approval Hearing on the Settlement as provided herein.

1. <u>Stay of the Action</u>. Pending the Final Approval Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

2. <u>Directive to Issue Notice to Settlement Class</u>. Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that it has sufficient information to enable it to determine whether to give notice of the proposed Settlement to the Settlement Class and California Settlement Subclass. The Court further finds that the proposed Settlement and Notice Plan meet the requirements of Rule 23(e) and that the Court will likely be able to certify the Settlement Class and California Settlement Subclass for purposes of judgment on the Settlement.

The Court finds that the Settlement Class Representatives and Class Counsel have adequately represented the Settlement Classes. The Court further finds that the Settlement was negotiated at arm's length by informed and experienced counsel, who were overseen by a retired United States Magistrate Judge acting as mediator. The relief provided to the Settlement Classes under the Settlement is adequate. There would be substantial costs, risks and delay associated with proceeding to trial and potential appeal. The method proposed for distributing relief to the Settlement Classes and processing claims, including the Consumer Settlement Benefits Plan, is adequate and effective. The proposed award of Attorneys' Fees and Expenses, including the timing of such payment, is reasonable, subject to the Court's review of a timely filed fee application. The Court further finds that the Settlement is adequate in light of the separately filed agreement providing a right for T-Mobile to terminate the Settlement Agreement if a significant number of

Settlement Class Members opt out of the Settlement. Finally, the Court finds that the proposed Settlement treats Settlement Class Members equitably relative to each other.

For these reasons, the Court concludes and determines that it will likely be able to certify the proposed Settlement Class and California Settlement Subclass under Rule 23(b)(3) of the Federal Rules of Civil Procedure, as it finds that: (a) the Settlement Class and California Settlement Subclass certified herein comprise millions of persons, and joinder of all such persons would be impracticable, (b) there are questions of law and fact that are common to the Settlement Class and California Settlement Subclass, and those common questions of law and fact predominate over any questions affecting any individual Settlement Class Member; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class and, as applicable, California Settlement Subclass, they seek to represent for purposes of the Settlement; (d) a class action is superior to other available means of adjudicating this dispute; and (e) as set forth below, Settlement Class Representatives and Class Counsel are adequate representatives of the Settlement Class and, as applicable, California Settlement Subclass.

3. <u>Class Definition</u>. The Court hereby certifies, for settlement purposes only, a Settlement Class consisting of: the approximately 76.6 million U.S. residents identified by T-Mobile whose information was compromised in the Data Breach, as reflected in the Class List. For the avoidance of doubt, the Settlement Class includes the California Settlement Subclass. Excluded from the Settlement Class are (i) T-Mobile, any entity in which T-Mobile has a controlling interest, and T-Mobile's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; (iii) any individual who timely and validly opts out of the Settlement; and (iv) all individuals who on or before the date the Court enters the Preliminary Approval Order have either (1) filed or served a written arbitration demand

3

or petition against T-Mobile relating to the Data Breach, or (2) provided written notice to T-Mobile of their intent to pursue arbitration against T-Mobile relating the Data Breach with a description of claims to the address provided in T-Mobile's Terms and Conditions or to T-Mobile's Counsel.

The Court further hereby certifies, for settlement purposes only, a California Settlement Subclass consisting of: members of the Settlement Class that were residents of the State of California on August 1, 2021.

**4.** <u>Settlement Class Representatives</u>. For purposes of the Settlement only, the Court finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that plaintiffs identified in Exhibit B to the Settlement Agreement ("Settlement Class Representatives") will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action and appoints them as Settlement Class Representatives. The Court further finds that plaintiffs Jill Kobernick, Daniel Strenfel, and Henry Thang will also fairly and adequately represent the interests of the California Settlement Subclass in enforcing their rights in the Action and appoints them as Settlement Class Representatives for the California Settlement Subclass. The Court preliminarily finds that they are similarly situated to absent Settlement Class Members and are therefore typical of the Settlement Classes, and that they will be adequate class representatives.

**5.** <u>Class Counsel</u>. For purposes of the Settlement, the Court appoints Norman E. Siegel of Stueve Siegel Hanson LLP, Cari Campen Laufenberg of Keller Rohrback L.L.P., and James J. Pizzirusso of Hausfeld LLP as Class Counsel to act on behalf of the Settlement Class Representatives and the Settlement Classes with respect to the Settlement. The Court authorizes Class Counsel to enter into the Settlement on behalf of the Settlement Class Representatives and the Settlement Classes, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

**6.** <u>Notice Provider and Settlement Administrator</u>. The Court appoints Kroll Settlement

Administration LLC as Settlement Administrator to administer the Notice Plan and the processing of claims. The Court directs that the Settlement Administrator effectuate the Settlement Agreement in coordination with Class Counsel, subject to the jurisdiction and oversight of this Court.

7. <u>CAFA Notice</u>. Within ten (10) days after the filing of the Motion for Preliminary Approval, T-Mobile shall serve or cause to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

8. <u>Notice Plan</u>. The Notice Plan submitted with the Motion for Preliminary Approval and the forms of notice attached thereto satisfy the requirements of Federal Rule of Civil Procedure 23 and are thus approved. Non-material modifications to the notices may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement and to perform all other tasks that the Settlement Agreement requires. Prior to the Final Approval Hearing, Class Counsel shall cause to be filed with the Court an appropriate declaration with respect to complying with the provisions of the Notice Plan.

The Court further finds that the form, content, and method of giving notice to the Settlement Classes as described in the Notice Plan submitted with the Motion for Preliminary Approval: (a) constitute the best practicable notice to the Settlement Classes; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be

readily understandable by Settlement Class Members.

9.  Class List; Identification of Arbitrations. Within thirty (30) days after this Order, T-Mobile shall provide to the Settlement Administrator a Class List, which shall include Settlement Class Members' full names, current addresses, T-Mobile cell phone numbers, and email addresses (to the extent available) as reflected in T-Mobile's records. T-Mobile shall also provide the Settlement Administrator a list of those individuals who have filed or served a written arbitration demand or petition against T-Mobile relating to the Data Breach, or provided written notice to T-Mobile of their intent to pursue arbitration against T-Mobile relating to the Data Breach with a description of claims to the address provided in T-Mobile's Terms and Conditions or to T-Mobile's Counsel, on or before the date of this Order, and who are therefore not Settlement Class Members.

10. Provider of Monitoring and Restoration Services. The Court appoints Intersections, LLC d/b/a Pango ("Pango") as the provider of monitoring and restoration services to eligible Settlement Class Members as set forth in the Consumer Settlement Benefits Plan. The Court directs that Pango effectuate the Settlement Agreement in coordination with Class Counsel and the Settlement Administrator, subject to the jurisdiction and oversight of this Court.

11. Consumer Settlement Benefits Plan. The Court has reviewed and considered the Consumer Settlement Benefits Plan proposed by Class Counsel and finds that it is fair and reasonable and equitably distributes Settlement benefits amongst Settlement Class Members. The Court directs Class Counsel, the Settlement Administrator, and Pango to implement the Consumer Settlement Benefits Plan in accordance with its own terms, the Settlement Agreement, and the Court's orders.

12. Deadline to Submit Claim Forms. As set forth in the Consumer Settlement Benefits Plan, Settlement Class Members will have until ninety (90) calendar days from the Notice Date to submit their claim forms ("Claims Deadline"), which is adequate and sufficient time.

6

13. <u>Exclusion from Settlement Class</u>. Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such person who desires to request exclusion must submit written notice of such intent online through the claims portal or via United States mail to the designated Post Office box established by the Settlement Administrator. The written notice must (i) identify the case name of the Action; (ii) identify the name and address of the individual seeking exclusion from the Settlement; (iii) be personally signed by the individual seeking exclusion; (iv) include a statement clearly indicating the individual's intent to be excluded from the Settlement; and (v) request exclusion only for that one individual whose personal signature appears on the request. Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator. To be effective, the written notice shall be postmarked no later than the Opt-Out Deadline or submitted online through the claims portal and verified no later than the Opt-Out Deadline in accordance with the Settlement. All those persons submitting valid and timely notices of exclusion shall not be entitled to receive any benefits of the Settlement.

Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the release set forth in the Settlement Agreement and incorporated in the Judgment.

14. <u>Final Approval Hearing</u>. A hearing will be held by this Court in the Courtroom of The Honorable Brian C. Wimes, United States District Court for the Western District of Missouri, Charles Evans Whittaker United States Courthouse, Courtroom 7D, 400 E. 9th Street, Kansas City, Missouri 64106, at **10:00 a.m. on January 13, 2023** ("Final Approval Hearing"), to determine:

(a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Classes; (b) whether a Final Approval Order and Judgment should be entered; (c) whether the Settlement benefits as proposed in the Settlement Agreement and Consumer Settlement Benefits Plan should be approved as fair, reasonable, and adequate; (d) whether to approve the application for Service Awards for the Settlement Class Representatives and an award of Attorneys' Fees and Expenses; and (e) any other matters that may properly be brought before the Court in connection with the Settlement. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

15. <u>Objections and Appearances</u>. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, they will be represented by Class Counsel. Any Settlement Class Member who wishes to object to the Settlement, the Settlement benefits, Service Awards, and/or the Attorneys' Fees and Expenses, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Approval Order and Judgment should not be entered thereon, why the Settlement benefits should not be approved, or why the Service Awards and/or the Attorneys' Fees and Expenses should not be granted, may do so, but must proceed as set forth in this paragraph. No Settlement Class Member will be heard on such matters unless they have filed in this Action the objection, together with any briefs, papers, statements, or other materials the Settlement Class Member wishes the Court to consider, within forty-five (45) calendar days following the Notice Date. Any objection must include: (i) the case name and number of the Action; (ii) the name, address, telephone number of the objecting Settlement Class Member, and if represented by counsel, of his/her counsel; (iii) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire

class; (iv) a statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection; (v) a statement of the specific grounds for the objection; and (vi) a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Settlement Agreement and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or any other means. With leave of Court for good cause shown, the Parties may take discovery of an objector or an objector's counsel.

16. <u>Claimants</u>. Settlement Class Members who submit within ninety (90) days of the Notice Date a valid claim form approved by the Settlement Administrator may qualify to receive Settlement benefits. Any such Settlement Class Member who does not submit a timely claim form in accordance with this Order shall not be entitled to receive such benefits, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, all Settlement Class Members, even those who do not enroll in identity defense services or do not submit a claim, will be entitled to utilize restoration services offered through Pango throughout

the duration of that service. Class Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Settlement Administrator, so long as processing does not materially delay distribution of compensation to Settlement Class Members. No person shall have any claim against Class Counsel or the Settlement Administrator by reason of the decision to exercise discretion whether to accept late-submitted claims.

17. <u>Stay and Injunction</u>. The Court hereby stays and enjoins pending Final Approval of the Settlement all actions and other proceedings brought by Settlement Class Members concerning any Released Claims, except that individuals that validly and timely opt out of the Settlement shall not be subject to any stay or injunction.

18. <u>Final Approval Briefing</u>. All opening briefs and supporting documents in support of a request for Final Approval of the Settlement and Settlement benefits must be filed and served at least ten (10) days prior to the Final Approval Hearing. All briefing and supporting documents in support of an application for Attorneys' Fees and Expenses and Service Awards must be filed twenty-one (21) days prior to the Objection Deadline.

19. <u>Reasonable Procedures</u>. Class Counsel and T-Mobile's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the notices and other exhibits that they jointly agree are reasonable or necessary to further the purpose of effectuating the Parties' Settlement Agreement.

20. <u>Extension of Deadlines</u>. Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Settlement Classes. Settlement Class Members must check the Settlement website (www.t-mobilesettlement.com) regularly for updates and further details regarding extensions of these

deadlines. The Court reserves the right to adjourn or continue the Final Approval Hearing, and/or to extend the deadlines set forth in this Order, without further notice of any kind to the Settlement Classes.

21. <u>Termination of the Settlement and Use of this Order</u>. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Effective Date does not occur or the Settlement is otherwise terminated in accordance with the terms of the Settlement. In such an event, the Settlement shall become null and void and shall be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever. For the avoidance of doubt, if the Effective Date does not occur or the Settlement is otherwise terminated in accordance with the terms of the Settlement, then neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be: (1) construed or used as an admission, concession, or declaration by or against T-Mobile of any fault, wrongdoing, breach, liability, or the certifiability of any class; (2) construed or used as an admission, concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, or unavailable; or (3) construed or used as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

22. In sum, the Court enters the following deadlines:

| ACTION | DATE |
|---|---|
| T-Mobile Provides Class List and Identification of Arbitrations | Within 30 days following entry of this Order |
| Notice Date | 90 days following entry of this Order |
| Proof of Notice Submitted | At least 10 days prior to the Final Approval Hearing |
| Motion for Attorneys' Fees and Expenses, and Service Awards | 21 days prior to the Objection Deadline |
| Exclusion / Opt-Out Deadline | 45 days after Notice Date |
| Objection Deadline | 45 days after Notice Date |
| Final Approval Brief and Response to Objections Due | At least 10 days prior to the Final Approval Hearing |
| Final Approval Hearing | January 13, 2023 at 10:00 a.m. |
| Deadline to Submit Claims | 90 days after Notice Date |

IT IS SO ORDERED.

DATE: July 26, 2022   /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT