IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: T-MOBILE CUSTOMER DATA SECURITY BREACH LITIGATION, | ) ) ) ) ) | MDL No. 3019<br><br>Master Case No. 4:21-MD-03019-BCW |
| ALL ACTIONS | ) | |

## ORDER

On July 26, 2022, the Court entered an Order granting Plaintiffs' Motion for Preliminary Approval of a Class Action Settlement Agreement. (Doc. #162). As part of this Preliminary Approval Order, the Court directed Notice of the Proposed Settlement to the Class (Doc. #157), and provided a deadline and procedures by which any Settlement Class Member could object to the proposed Settlement, Settlement benefits, Service Awards and/or Attorneys' Fees and Expenses. (Doc. #162 at 8).

As relevant here, Settlement Class Members Cassie Hampe and Connie Pentz, through counsel, filed separate objections to the Settlement and the application for attorneys' fees. (Docs. #189, #197). Plaintiffs filed Motions to Strike these Objections (Docs. #208, #209). Plaintiffs' motion to strike Hampe's objection also included a request to revoke the pro hac vice admission of Hampe's counsel, Robert W. Clore and Mikell A. West. (Doc. #208).

On January 10, 2023, Plaintiffs filed a Motion for Final Approval of Class Action Settlement. (Doc. #210). Through counsel, Hampe filed opposition suggestions to the Motion for Final Approval specifically challenging Plaintiffs' requested attorneys' fees. (Doc. #220).

On January 20, 2023, the Court held a Final Settlement Approval Hearing, during which the Court heard argument on Plaintiffs' Motion for Final Approval of Class Action Settlement, and on Plaintiffs' Motions to Strike. (Docs. #221 & #224).

On June 29, 2023, the Court granted Plaintiffs' Motions to Strike the objections of Hampe and Pentz. (Docs. #233 & #234). Thus, the Clerk of the Court struck these objections from the electronic docket sheet. As to Hampe's Objection, the Court also revoked counsel's pro hac vice admission. (Doc. #234).

On the same day, the Court also entered an Order and Judgment Granting Final Approval of Class Action Settlement and Awarding Attorneys' Fees, Costs, Expenses, and Service Awards. (Doc. #235).

Both Hampe and Pentz filed Notices of Appeal of the Orders striking their respective objections and the Order and Judgment finally approving the settlement and awarding attorneys' fees. (Docs. #237 & #240).

On July 31, 2024, the Court of Appeals for the Eighth Circuit issued its judgment affirming in part and reversing in part as to the Objections of Hampe and Pentz. (Doc. #248). The Eighth Circuit found the District Court erred in striking the objections of Hampe and Pentz under Fed. R. Civ. P. 12(f), but reversed the District Court only as to Hampe's Objection. (Doc. #248-1 at 10-11). The Eighth Circuit affirmed the District Court's decision to strike Pentz's Objection as a sanction specific to Pentz's conduct in this case. (Doc. #248-1 at 11). The Eighth Circuit reversed the District Court's decision to strike Hampe's Objection, and the decision to revoke the pro hac vice admissions of Hampe's counsel (Clore and West) because there was no evidence that Hampe or counsel had engaged in bad faith with respect to this specific case.

The Eighth Circuit thus found Hampe to be a proper party to challenge the District Court's award of attorneys' fees, but "discern[ed no] missteps in the court's overall methodology for determining attorneys' fees." (Doc. #248-1 at 12, 15). The Eighth Circuit found, however, that the District Court abused its discretion by awarding an unreasonable fee.

In summary, the Eighth Circuit affirmed the District Court's decision to strike Pentz's Objection, reversed the District Court's decision to strike Hampe's objection and revoke the pro hac vice of counsel, and reversed the District Court's award of attorneys' fees and remanded for further proceedings.

With the Eighth Circuit having issued its mandate on August 23, 2024 thus returning jurisdiction to this Court, it is hereby

ORDERED the Order Granting Plaintiffs' Motion to Strike Objection of Cassie Hampe and to Revoke Admission Pro Hac Vice (Doc. #234) is VACATED. The Clerk of the Court is directed to refile Hampe's Objection (Doc. #189) as improperly stricken and to reinstate the pro hac vice admissions of Robert Clore and Mikell West. It is further

ORDERED the Order and Judgment Granting Final Approval is VACATED IN PART. Specifically, consistent with the Eighth Circuit's Opinion, the Court vacates the Order and Judgment's Section III(A.) pertaining to attorneys' fees. (Doc. #235 at 27-47).

IT IS SO ORDERED.


DATED: September 13, 2024          /s/ Brian C. Wimes
                                   JUDGE BRIAN C. WIMES
                                   UNITED STATES DISTRICT COURT