**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: T-MOBILE CUSTOMER DATA | ) | MDL No. 3019 |
| SECURITY BREACH LITIGATION | ) | |
| | ) | Master Case No. 4:21-md-03019-BCW |
| | ) | |
| | ) | |
| | ) | |

## OBJECTOR CASSIE HAMPE'S MOTION FOR ATTORNEYS' FEES AND INCENTIVE AWARD

Objector Cassie Hampe submits this motion for attorneys' fees and incentive award based on the benefit of at least $32,978,209 (assuming the Court's acceptance of class counsel's renewed fee proposal) that she and her counsel bestowed to the class. In light of this significant result, Ms. Hampe respectfully requests 8% of the benefit in attorneys' fees under the percentage method. She also requests an incentive award of $2,500, in line with the awards to the class representatives.[1]

### BACKGROUND

This case is on remand from Ms. Hampe's successful appeal of an award of $78.75 million in attorneys' fees from a $350 million class action settlement involving a data breach affecting 76 million T-Mobile customers. Ms. Hampe filed a timely objection to the proposed fee, noting it would award class counsel 9.68 times their $8,173,534 lodestar, exceeding the range of reasonable multipliers in the Eighth Circuit. (Doc. 189 at 1-2, 13-16). Ms. Hampe also argued for adoption of a megafund approach to fees that some circuits have utilized. (*Id.* at 1-3, 7-12). Of note, Hampe's megafund analysis depended on and was intertwined with her argument about the high multiplier. (*Id.* at 1-3, 8, 12-13, 16).

---

[1] Supporting Hampe's request for attorneys' fees and an incentive award is the declaration of Robert Clore, along with records substantiating counsels' lodestar. (Exhibit 1).

1

This Court awarded class counsel $78.75 million as a percentage of the fund, which it cross-checked with the lodestar multiplier. Hampe appealed to the Eighth Circuit, which reversed the fee award. *See In re T-Mobile Customer Data Sec. Breach Litig.*, 111 F.4th 849 (8th Cir. 2024). The court of appeals rejected Hampe's call for adoption of a megafund methodology, even while observing there "seem to be good arguments on both sides of the debate." *Id.* 2024 U.S. App. LEXIS 18598, *52. However, the Court of Appeals agreed with Hampe's argument that the $78 million fee was excessive in light of the lodestar multiplier. "[T]he case had barely gotten off the ground before it settled, and counsel hadn't yet invested the time and effort to yield a return like the one the court awarded." *Id.* at *57-58. The Court of Appeals recognized the class counsel "represented the class well, and … obtained a significant result." *Id.* at *58. Nevertheless, given the size of the multiplier, the Court of Appeals reversed the "award of attorneys' fees and remand[ed] for further proceedings consistent with [its] opinion." *Id.* at *63.

## ARGUMENT

### I. Hampe Seeks Reasonable Attorneys' Fees of 8% of the Benefit She Bestowed on the Class.

On remand, class counsel have petitioned this Court for $45,771,790.40 in attorneys' fees based on a 5.6 lodestar multiplier. (Doc. 253). If the district court grants class counsels' request, Hampe and her counsel will have benefitted the class by $32,978,209.[2] That is a staggering sum which Hampe and her counsel alone are responsible for securing.

Class action jurisprudence has developed common law recognizing that objectors who provide a beneficial effect on the litigation should be awarded reasonable attorneys' fees. *See e.g., In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 358 (N.D. Ga. Mar. 22, 1993). "If these objections result in an increase to the common fund, the objectors may claim entitlement to fees on the same equitable

---

[2] $78.75 million - $45,771,790.40 = $32,978,209.

2

principles as class counsel." *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012); *see also Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1156 (8th Cir. 1999) ("[t]o recover fees from a common fund, attorneys must demonstrate that their services were of some benefit to the fund or enhanced the adversarial process").

In fact, when an objector's efforts contribute to an increase in class benefits, they are *entitled* to fees. *See, e.g., Rodriguez v. West Pub'g Co.*, 563 F.3d 948, 963 (9th Cir. 2009) (finding it "clearly erroneous" to deny fees to objectors whose arguments increased the class' fund by $325,000); *In re Southwest Airlines Voucher Litig.*, 898 F.3d 740 (7th Cir. 2018) (reversing denial of fees to objector who conferred benefit on the class); *Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014) (when objections produce a more favorable class recovery, "the objectors will receive a cash award that can be substantial"); *Eubank v. Pella Corp.*, No. 06-CV-4481, 2019 WL 1227832, at *8 (N.D. Ill. Mar. 15, 2019) ("It is well recognized that objectors who add value to litigation through their successful objections are entitled to recover a substantial share of overall attorney's fees."); *Garst v. Franklin Life Ins. Co.*, No. 97-C-0074-S, 1999 U.S. Dist. LEXIS 22666 (N.D. Ala. June 28, 1999) (awarding objector's counsel $600,000 based on objections that resulted in enhanced relief to class).

After several years of high-risk litigation and successful appellate work that resulted in at least $32.9 million for the class, Hampe respectfully requests 8% of the class benefit, which amounts to $2,647,859 in reasonable attorneys' fees. As some courts have noted, the percentage of the benefit method appropriately "ties Objector's fees award to the benefit he obtained for the class and aligns their interests." *In re Easysaver Rewards Litig.*, No. 09-cv-02094, 2021 WL 230013, at *3 (S.D. Cal. Jan. 22, 2021). The proposed 8% fee is well within the range of reasonable attorneys' fees for objectors. Hampe's counsel recently received a comparable percentage (7%) in another case for an approximate $21 million benefit provided to a settlement class, with the judge characterizing the fee request as "relatively modest." *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 10-md-02143, Dkt. 3062, 2021

3

Case 4:21-md-03019-BCW    Document 259    Filed 09/23/24    Page 3 of 13

U.S. Dist. LEXIS 171405, at *24 (N. D. Cal. Sept. 9, 2021) (awarding $1.5 million in fees as 7% of approximate $21 million increase to the common fund). Even more recently, a court approved a 14% fee for Hampe's same counsel based on a $4.38 million increase to a common fund, with the court characterizing the fee award as "modest and well within typical percentages awarded to objectors." *In re Optical Disk Drive Prods. Antitrust Litig.*, 2022 U.S. Dist. LEXIS 151727, *20 (N.D. Cal. Aug. 22, 2022); *see also Easysaver*, 2021 WL 230013, at *3 (awarding objector $805,000 in fees as 25% of benefit); *Eubank v. Pella Corp.*, No. 06-CV 4481, 2019 WL 1227832, at *8 (N.D. Ill. Mar. 15, 2019) ("It is well recognized that objectors who add value to litigation … are entitled to recover a substantial share of overall attorney's fees. Seventh Circuit caselaw has previously placed such recoveries around 20% of the total attorney's fees."); *Kaufman v. American Express Travel Related Servs., Co.*, 2016 WL 806546, at *13-*14 (N.D. Ill. Mar. 2, 2016) (awarding objector fees of 34% of the benefit); *Dewey v. Volkswagen of Am.*, 909 F. Supp. 2d 373, 396 (D.N.J. 2012) ("10% of the benefit conferred [is] well within the range of acceptable . . . recovery"); *Lan v. Ludrof*, No. 1:06-cv-114, 2008 WL 763763, at *28 (W.D. Pa. Mar. 21, 2008) (awarding objector fee of 25% of the benefit).

Moreover, this percentage-based request results in a lodestar multiplier of approximately 5.6, equivalent to the multiplier proposed by counsel for their results, and within the range of reasonable multipliers in the Eighth Circuit, albeit on the upper side. *See Caligiuri v. Symantec Corp.*, 855 F.3d 860, 866 (8th Cir. 2017) (noting the Eighth Circuit allows "multipliers of up to 5.6"); *Huyer v. Buckley*, 849 F.3d 395, 399–400 (8th Cir. 2017) (describing the range as going "up to 5.6"). It is also in line with multipliers awarded to objectors elsewhere. *See Pella*, 2019 WL 1227832, at *9 (awarding objectors' counsel "a multiplier of six"); *Optical Disk*, No. 10-md-02143, Dkt. 3062, 2021 U.S. Dist. LEXIS 171405, at *24 (2.99 multiplier for objector); *Optical Disk*, 2022 U.S. Dist. LEXIS 151727, *20 (2.8 multiplier for objector).

This is appropriate given the sizeable, nearly unprecedented increase an objector secured for the class and the tremendous risk she and her counsel took in objecting here. Out of 76 million class members, only 13 objected. (Doc. 235 at 5). Hampe's objection was the only one that provided a meaningful challenge to the $78 million fee. Indeed, her objection and appeal alone secured the $32.9 million benefit for the class. (Doc. 216 at 2, Doc. 216-3 at 1-2).

Hampe achieved this victory in a circuit court of appeals with a reversal rate of less than 5% and which has seldom reversed attorneys' fees from a class action settlement. (Ex. 1 at ¶9). Hampe and her counsel brought the objection anticipating that they would be met with vigorous opposition from highly skilled and experienced counsel, and they were.

Hampe's counsel and paralegal dedicated at least 668.2 hours securing the $32.9 million (or greater) benefit for the class. (Ex. 1 at ¶¶10-12). The result is a lodestar of $472,832.50.[3] (*Id.*).

Hampe's counsels' work included legal research ahead of the objection, analysis of class counsels' motion for attorneys' fees and supporting paperwork, drafting Hampe's 19-page objection, legal research and additional drafting of replies and other papers supporting Hampe's objection in the

---

[3] As described in Robert Clore's declaration, Hampe's counsels' lodestar was accumulated as follows: Robert Clore, 430.6 hours x $800 = $344,480; Mikell West, 120.8 hours x $700 = $84,560; Tony LaCroix, 66.7 hours x $450 = $30,015; and Norman Taylor, 50.1 hours x $275 = $13,777.50. (Ex. 1 at ¶¶10-12). These hourly rates are in line with hourly rates previously approved by courts for the same counsel. (Ex. 1 at ¶11); *See In re Optical Disk Drive Prods. Antitrust Litig.*, No. 10-md-02143-RS, 2021 U.S. Dist. LEXIS 171405, at *25-26 (N.D. Cal. 2021) (finding fee reasonable on lodestar cross-check where Mr. Clore billed at an hourly rate of $750; noting that this rate "falls on the lower end of the range that has been found reasonable in similar circumstances"); *In re Optical Disk Drive Prods. Antitrust Litig.*, 2022 U.S. Dist. LEXIS 151727, *20 (N.D. Cal. Aug. 22, 2022) (awarding requested fee); *id.* Doc. 3101-2 at 5 (requesting $750/hourly rate for Mr. Clore); *In re Syngenta*, 2:14-md-02591, Doc. 4308 at 2 (D. Kan. Jan. 6, 2020) (approving as reasonable hourly rate of $500 for Anthony LaCroix and $600 for Mr. Clore before becoming partner, as requested in Doc. 4278-3 ¶¶ 5-6, 13-14). They are also well below the rates of the Adjusted Laffey Matrix for attorneys and paralegals. *See* http://www.laffeymatrix.com/see.html ($1057/hour for attorneys out of law school for more than twenty years, $878 for attorneys out of law school for 11-19 years, and $538 for a paralegal with 4-7 years' experience). And they are far below the hourly rates of class counsel. *See* Doc. 179-1 Ex. B (nine partners billing above $1,000/hour; 13-year attorney, Gary Smith of Hausfeld LLP billing at $960/hour).

district court, traveling to and from Tyler, Texas for Hampe's deposition, travelling to and from Kansas City for the fairness hearing, legal research and analysis in connection with the decision to pursue an appeal, preparing the appellate record and administrative filings, drafting a 51-page opening brief, reviewing class counsels' 74-page answering brief, drafting a 31-page reply brief, reviewing additional authority and filing supplemental authority, preparing for oral argument, including several moot courts, traveling to and from St. Louis for argument in the Eighth Circuit, participating in argument, preparing and filing a post-argument brief, and generally monitoring the district court and appellate docket over the course of nearly two years. (*Id.* at ¶12). Significantly, Hampe's aggregate hours for *all* litigation (including the successful appeal) are far below what class counsel billed (1,000 hours) for their appellate work. (Doc. 179 at 16) ("Class counsel reasonably expect they will spend 1,000 hours litigating any appeals").

The fact that the Eighth Circuit did not embrace Hampe's subset argument (i.e., the megafund argument) should not reduce Hampe's attorney fees. This segment of Hampe's attorneys' fees challenge was not "distinct in all respects from the prevailing claims." *Gruttemeyer*, 31 F.4th at 649-650. To the contrary, Hampe's discussion of the excessive lodestar multiplier was a significant part of both the megafund argument and the argument that fees were excessive under Eighth Circuit precedent. (Doc. 189 at 1-3, 12-16; Opening Brief of Cassie Hampe, Appeal No. 23-2744 at 1, 7, 12, 14-15, 21, 23-27, 29, 32-34; Reply Brief at 1, 4-13, 17-19); *see Tabech v. Gunter*, 869 F. Supp. 1446, 1465 (D. Neb. Dec. 1, 1994) ("where the claims are interrelated, 'in the majority of cases, courts have rejected the contention that the lodestar should be adjusted downward for unsuccessful claims, usually finding that the successful and unsuccessful claims were legally or factually intertwined or that counsel devoted most of its time to the litigation as a whole'"); *see also Optical Disk*, 2022 U.S. Dist. LEXIS 151727, *20 ("'[a] lodestar 'cross-check' shows the award does not result in an unreasonable windfall, despite the likelihood that a relatively small part of hours incurred in the appeal were expended on the issue as to

6

which Erwin prevailed"); *Easysaver*, 2021 U.S. Dist. LEXIS 13119, at *8 (refusing to reduce fee request notwithstanding multiple unsuccessful arguments; "[a]lthough Objector did not prevail on many of his challenges to the settlement, he did succeed in convincing the Court to significantly reduce class counsel's fee award."). Further, since Hampe seeks fees as a percentage of a "readily quantifiable benefit" to the class and not under the lodestar method, her request is justified even if some amount of her lodestar could be assigned to unsuccessful argument. *See Optical Disk*, 2021 U.S. Dist. LEXIS 171405, *24 (although inadequate documentation of lodestar might be problematic for fees sought under the lodestar method, it was not where objector requested "a percentage-based fee award" based on a "readily quantifiable benefit to the class")

Additionally, the *Johnson* factors weigh in favor of Hampe's requested 8% fee. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 719–20 (5th Cir. 1974); *see also In re Target Corp. Customer Data Security Breach Litig.*, 892 F.3d 968, 977 (8th Cir. 2018). To be sure, "[m]any of the *Johnson* factors are related to one another and lend themselves to being analyzed in tandem." *Swinton v. SquareTrade, Inc.*, 454 F. Supp. 3d 848, 886 (S.D. Iowa 2020). Therefore, courts in the Eighth Circuit often focus on the most relevant *Johnson* factors in evaluating fee requests. *See In re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 993 (D. Minn. 2005); *Tussey*, 2019 WL 3859763, at *2; *Yarrington v. Solvay Pharms., Inc.*, 697 F. Supp. 2d 1057, 1062 (D. Minn. 2010); *see also Hardman v. Bd. of Educ. of Dollarway, Arkansas Sch. Dist.*, 714 F.2d 823, 825 (8th Cir. 1983).

First, the benefits conferred by Hampe and her counsel on the settlement class are extraordinary. "In considering a fee award, the 'most critical factor' is 'the degree of success obtained.'" *In re UnitedHealth Group Inc. PSLRA Litig.*, 643 F. Supp. 2d 1094, 1104 (D. Minn. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). The $32.9 million (or greater) benefit bestowed by Hampe represents a significant recovery for the class. In fact, it appears to be one of the largest benefits ever bestowed by an objecting class member under Rule 23. *Compare with Optical Disk*, 2021 U.S. Dist.

7

LEXIS 171405, *23 (for an objection that resulted in $21.8 million class benefit, "[t]here is no dispute that Erwin is entitled to recover fees under the circumstances"); *Rougvie v. Ascena Retail Grp., Inc.*, 2019 U.S. Dist. LEXIS 28229, *50-51 (E.D. Pa. Feb. 21, 2019) (awarding 25% in fees to objector whose objection "resulted in a $5.1 million benefit to the Class").

Second, Hampe and her counsel faced numerous and substantial risks, including an appeal to the Eighth Circuit, which has a very low rate of reversal and has seldom overturned attorneys' fees from a class action settlement as excessive. (Ex. 1 at ¶9). Making the degree of success even more remarkable, Hampe and her counsel obtained an outstanding $32.9 million (or greater) class benefit in the face of these substantial risks. From the outset, Hampe knew that she would face class action attorneys who have successfully achieved large data breach settlements across the nation, and that opposing their fee would require advocacy against some of the most skilled attorneys in the field. Further, considering so few class members objected to the fee, it can be inferred that opposing this fee and pursuing an appeal was highly undesirable. And considering statistics from the Eighth Circuit, once this Court awarded fees, there was a strong probability of affirmance and relatively remote possibility that Hampe would return fees to the class. (*Id.*).

"'Courts have recognized that the risk of receiving little or no recovery is a major factor in awarding attorney fees.'" *Yarrington v. Solvay Pharms., Inc.*, 697 F. Supp. 2d 1057, 1062 (D. Minn. 2010) (*quoting Xcel Energy*, 364 F. Supp. 2d at 994). "Unless that risk is compensated with a commensurate award, no firm, no matter how large or well-financed, will have the incentive to consider pursuing a case such as this." *Tussey*, 2019 WL 3859763, at *3. Despite these risks and despite the undesirability of pursuing the objection, Hampe secured at least a $32.9 million benefit for the class. These factors weigh in favor of the requested 8% fee.

Third, Hampe and her counsel expended significant time and labor in achieving this substantial result for the class. Again, Hampe's counsel and paralegal dedicated at least 668.2 hours in securing

8

the $32.9 million (or greater) benefit. (Ex. 1 at ¶¶10-12). Hampe's counsel worked efficiently considering her aggregate hours for both the objection before this Court and the appeal are below the 1,000 hours class counsel billed for handling appeals. (Doc. 179 at 16). As noted, Hampe's counsels' considerable work included legal research ahead of the objection, analysis of class counsels' motion for attorneys' fees and supporting paperwork, drafting Hampe's 19-page objection, legal research and additional drafting of replies and other papers supporting Hampe's objection in the district court, traveling to and from Tyler, Texas for Hampe's deposition, travelling to and from Kansas City for the fairness hearing, legal research and analysis in connection with the decision to pursue an appeal, preparing the appellate record and administrative filings, drafting a 51-page opening brief, reviewing class counsels' 74-page answering brief, drafting a 31-page reply brief, reviewing additional authority and filing supplemental authority, preparing for oral argument, including several moot courts, traveling to and from St. Louis for argument in the Eighth Circuit, participating in argument, preparing and filing a post-argument brief, and generally monitoring the district court and appellate docket over the course of nearly two years. (*Id.* at ¶12).

Fourth, objector's counsel are highly skilled. Including this case, they have successfully benefitted settlement classes around the nation by more than $60 million in the last four years. (Doc. 189 at 4-5). They are among a very small number of attorneys nationwide who have had comparable successes on behalf of class members. (Ex. 1 at ¶23). And objector's counsel had to square off against exceptionally skilled counsel representing the class. As the Court is of course aware, the class is represented by Norman Siegel of Stueve Siegel Hanson LLP, James Pizzirusso of Hausfeld LLP, and Cari Laufenberg of Keller Rohrback L.L.P.

Fifth, the requested fee is less than or comparable to other awards. Indeed, the requested fee is in line with—if not substantially lower than—awards in which objectors bestowed benefits to settlement classes. *Optical Disk*, 2022 U.S. Dist. LEXIS 151727, *20 (14% fee for objector "modest

9

and well within typical percentages awarded to objectors"); *Easysaver*, 2021 WL 230013, at *3 (awarding 25% of benefit to objector); *Eubank*, 2019 WL 1227832, at *8 (noting that objector's counsel typically received fee awards of 20%); *Kaufman,* 2016 WL 806546, at *13-*14 (awarding objector fees of 34% of the benefit); *Dewey*, 909 F. Supp. 2d 373 at 396 ("10% of the benefit conferred [is] well within the range of acceptable . . . recovery"); *Ludrof*, 2008 WL 763763, at *28 (awarding objector fee of 25% of the benefit). Further, in the Eighth Circuit, courts have "frequently awarded attorneys' fees ranging up to 36% in class actions." *Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017). Hampe's request for fees is thus reasonable relative to other similar cases.

Finally, Hampe does not request any reimbursement for her expenses incurred in prosecuting her objection, including travel expenses to and from St. Louis to argue before the Eighth Circuit, travel expenses to and from Kansas City to argue at the fairness hearing, or travel to and from Tyler, Texas, to present Hampe for deposition. This makes Hampe's fee request even more reasonable. Hampe respectfully requests that the Court award her 8% of the benefit bestowed as attorneys' fees, which is supported by the *Johnson* factors.

**II.     Hampe Seeks a $2,500 Incentive Award.**

Hampe also requests an incentive award in the amount of $2,500 for the risk she assumed and the efforts required in coming forward as an objector. Incentive awards in class action cases "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez I*, 563 F.3d at 958-59; *In re Regulus Therapeutics Inc. Sec. Litig.*, No. 3:17-CV-182-BTM-RBB, 2020 U.S. Dist. LEXIS 202787, 2020 WL 6381898, at *8 (S.D. Cal. Oct. 30, 2020) ("Incentive awards typically range from $2,000 to $10,000") (quotation omitted). Courts regularly award incentive awards to objectors for their work in bestowing material

10

benefits to the class. *See e.g., Optical Disk*, 2022 U.S. Dist. LEXIS 151727, at *22; *Optical Disk*, 2021 U.S. Dist. LEXIS 171405, at *28; *Easysaver*, 2021 WL 230013, at *3-4.

Mr. Hampe's requested $2,500 is the same amount awarded to the class representatives. In opposing class counsels' fee, Hampe assumed considerable risk in facing highly skilled counsel and unlike the class representatives, gave a deposition. Further, $2,500 is within the ordinary range of reasonable incentive awards for objectors and class members alike. *See e.g., Hawkins v. Kroger Co.*, No. 15cv2320 JM (AHG), 2022 U.S. Dist. LEXIS 20956, at *31 (S.D. Cal. 2022) (awarding plaintiff $7,000 incentive award); *Optical Disk*, 2022 U.S. Dist. LEXIS 151727, at *22 (awarding $5,500 incentive award to objector); *Optical Disk*, 2021 U.S. Dist. LEXIS 171405, at *28. (awarding $1,500 incentive award to objector); *Easysaver*, 2021 WL 230013, at *3-4 (awarding $2,500 for objector's participation in the case); *In re Apple Inc. Sec. Litig.*, No. 5:06-CV-05208-JF HRL, 2011 WL 1877988, at *5 (N.D. Cal. May 17, 2011) (awarding $1,000 incentive award to objector).

## CONCLUSION

For these reasons, Objector Cassie Hampe respectfully requests attorneys' fees of $2,647,859 and an incentive award of $2,500 based on her contribution of a $32,978,209 benefit to the class.

DATED:  September 23, 2024                    Respectfully submitted,

*/s/ Robert W. Clore*
Robert W. Clore
Mikell A. West
BANDAS LAW FIRM, P.C.
802 N. Carancahua, Suite 1400
Corpus Christi, TX 78401
(361) 698–5200
rclore@bandaslawfirm.com
mwest@bandaslawfirm.com
Admitted *Pro Hac Vice*

Anthony E. LaCroix MO No. 60793
LaCroix Law Firm, LLC
1600 Genessee, Ste. 956
Kansas City, MO 64102
(816) 399-4380
tony@lacroixlawkc.com

*Counsel for Cassie Hampe*

## Certificate of Service

The undersigned certifies that today he filed the foregoing document and associated exhibits on ECF which will send electronic notification to all attorneys registered for ECF thus effectuating service.

DATED: September 23, 2024

                                                                 */s/ Robert W. Clore*