IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: T-MOBILE CUSTOMER DATA SECURITY BREACH LITIGATION, | ) ) ) ) ) | MDL No. 3019 |
| | | Master Case No. 4:21-MD-03019-BCW |
| ALL ACTIONS | ) | |

## ORDER AND JUDGMENT GRANTING ATTORNEYS' FEES AND INCENTIVE AWARD

Before the Court is Plaintiffs' Amended Motion for Attorneys' Fees (Doc. #253) and Objector Cassie Hampe's Motion for Attorneys' Fees and Incentive Award (Doc. #259). The Court, being duly advised of the premises, awards attorneys' fees and an incentive award as set forth below.

## BACKGROUND

On June 29, 2023, the Court entered its Order and Judgment Granting Final Approval of Class Action Settlement and Award of Attorneys' Fees, Costs, Expenses and Service Awards. (Doc. #235). On July 31, 2023, Objector Hampe filed her notice of appeal challenging the award of attorneys' fees to Class Counsel. (Doc. #237).

On July 29, 2024, the Eighth Circuit reversed the Court's award of attorneys' fees to Class Counsel. In re T-Mobile Customer Data Sec. Breach Litig., 111 F.4th 849 (8th Cir. 2024). Although the Eighth Circuit noted no "missteps in the court's overall methodology for determining attorneys' fees" it held the attorney fee award of $78,750,000 was unreasonable based on a "lodestar crosscheck" that resulted in a 9.6 multiplier. Id. at 860-61. The Eighth Circuit did not identify any other error in the Court's findings related to the attorneys' fee award, including its analysis and conclusions based on the Johnson factors, which the Eighth Circuit characterized as "detail[ed]." Id. at 860. The Eighth Circuit rejected Objector Hampe's arguments that, because the

1

$350 million cash settlement fund purportedly qualifies as a "megafund," the Court was obligated to award a reduced percentage. Id. at 860. The Eighth Circuit took no issue with the percentage of the Class Counsel award, which was 22.5% of the $350 million cash settlement or 15.75% of T-Mobile's total $500 million commitment. Id. The Eighth Circuit also took no issue with the hours billed by counsel or future work expected, which resulted in an overall lodestar of $8,173,534. Id. at 861. Given these holdings, the Court continues to adhere to the legal framework set forth in its June 29, 2023 Order and to its Johnson findings made therein.

On September 10, 2024, Class Counsel filed an Amended Motion for Attorneys' Fees based on their prior evidentiary submissions, reducing their fee request from $78,750,000.00 to $45,771,790.40. (Doc. #253). This reduced request represents 13.08% of the $350 million cash settlement fund (or 9.15% of the $500 million total settlement). This reflects a significant reduction in the percentages that the Court previously awarded (22.5% and 15.75% respectively). The reduced request results in a 5.6 lodestar multiplier (reduced from a 9.6 lodestar multiplier). No party or class member opposed Class Counsel's Amended Motion.

On September 23, 2024, Objector Cassie Hampe filed a Motion for Attorneys' Fees and Incentive Award. (Doc. #259). Hampe requests 8.029% of $32,978,209, which she describes as the benefit to the class, i.e. the difference between the Class Counsels' original attorneys' fees award and the reduced request.[1] This results in $2,647,859 in attorneys' fees and a 5.6 lodestar multiplier. Hampe also requests an incentive award of $2,500. No party or class member opposed Hampe's motion.

---

[1] 78,750,000.00 – $45,771,790.40 = $32,978,209

## ANALYSIS

**I.  Class Counsel's Reduced Request Results in a Reasonable Multiplier.**

Given that the Court applied the correct methodology in its prior award and the Eighth Circuit did not find fault with any of its findings regarding the Johnson factors, the only task that remains is to adjust the fee award to produce a multiplier within the range of reasonableness and that does not result in a windfall. For the reasons stated here and the Court's prior Johnson analysis, the Court finds Class Counsel's proposed 5.6 multiplier reasonable under the particular facts of this case because it is within the range awarded in comparable cases in the Eighth Circuit.

The Eighth Circuit noted that it has "never held that a particular multiplier is always unreasonable" and its Opinion did not establish any numerical limit. T-Mobile, 111 F.4th at 861. The Court, thus, looks to guidance in multipliers that the Eighth Circuit has approved. In Rawa v. Monsanto Co., 934 F.3d 862, 870 (8th Cir. 2019), which the Eighth Circuit discussed in its Opinion in this case, the Eighth Circuit rejected a challenge to a 5.3 multiplier. T-Mobile, 111 F.4th at 861. In Rawa, relatively limited motion practice and discovery took place, namely, class counsel conducted two fact and two expert depositions and briefed a motion to dismiss. Rawa v. Monsanto Co., No. 4-17-CV-01252-AGF, 2018 WL 2389040, at *4 (E.D. Mo. May 25, 2018). The district court awarded 28% of the settlement, which resulted in a fee award of $6,020,000.

In affirming the 5.3 multiplier in Rawa, the Eighth Circuit quoted approvingly from a district court's order In re Charter Commc'ns, Inc., Sec. Litig., No. 4:02-cv-1186-CAS, 2005 WL 4045741 (E.D. Mo. Jun. 30, 2005). The district court in Charter, found a 5.61 cross-check multiplier reasonable where class counsel conducted interviews with over a dozen former employees, had an accounting firm analyze financial reports, and briefed motions to dismiss. 2005 WL 4045741, at *5. The district court awarded 20% of the settlement, which resulted in a nearly $30,000,000 fee.

3

Here, the Court holds that Class Counsel's proposed multiplier is in line with the multipliers in Rawa and Charter for comparable discovery and motion practice. Class counsel briefed a motion for remand, worked with several experts to develop liability and damages theories, conducted informal discovery, served document requests and interrogatories on T-Mobile, and served preservation letters on third parties. (Doc. #179-1 at 4-6). Thus, like in Rawa and In re Charter, there was initial discovery (either formal or informal), some expert work, and limited motion practice.

Although on the upper end of the range in the Eighth Circuit, a 5.6 multiplier is reasonable and supported by the Johnson factors, which the Court previously discussed in support of its initial fee award. (Doc. #235 at 28-38). The Court's prior analysis included that Class Counsel undertook significant risk on a contingent basis, the issues involved were unsettled and difficult, the case was prosecuted efficiently, and Class Counsel exhibited a high degree of skill and reputation in achieving the Settlement. (Doc. #235 at 31-35).

In particular, the Court previously found that the Settlement here is both large and "extraordinary" in two independent respects when compared to awards in similar cases. (Doc. #235 at 38). First, it exceeds the cash funds obtained for data-breach victims obtained in comparably large data-breach settlements, which other courts approved under Rule 23(e). (Doc. #235 at 30, 36 n.5). In the aggregate, it is the second largest data-breach settlement, larger than Anthem[2] and Yahoo![3] even though those cases involved more victims. On a per capita basis, it exceeds all the other large settlements: it is twice the size of the $380 million Equifax[4] settlement,

---

[2] In re Anthem, Inc. Data Breach Litig., 327 F.R.D. 299, 307-09 (N.D. Cal. 2018) ($115 million for approximately 79.15 million class members)
[3] In re Yahoo! Inc. Customer Data Security Breach Litig., No. 16-MD-02752-LHK, 2020 WL 4212811 (N.D. Cal. July 22, 2020) ($117.5 million for approximately 194 million class members).
[4] Equifax Inc. Customer Data Sec. Breach Litig., No. 1:17-MD-28000-TWT 2020 WL 256132 (N.D. Ga. Mar. 17, 2020) ($380 million for approximately 147 million class members).

4

three times the size of the $115 million Anthem settlement, and more than five times the size of the $117.5 million Yahoo! settlement. (Doc. #235 at 30, 36 n.5). Second, this outcome was achieved earlier in the litigation than the settlements in these other cases. Although this fact necessarily results in a higher multiplier to Class Counsel, a better Settlement secured more quickly and more efficiently produces a greater overall benefit to the Settlement Class by making relief available sooner.

In discussing this Court's prior concern "that lowering fee percentages might 'encourage class counsel to pursue quick settlements at sub-optimal levels,'" the Eighth Circuit reasoned that "it could also be true that awarding counsel ten times their hourly rates in the early stages of a case might encourage them to settle quickly at sub-optimal levels." T-Mobile, 111 F.4th at 863. The Court finds that the reduced fee award—producing a multiplier of 5.6, which is far less than "ten times" Class Counsel's hourly rates—appropriately balances these competing concerns.

Although the Court is mindful that a high multiplier could incentivize counsel to accept a sub-optimal settlement early in the case, the record shows that did not occur here. Rather, the opposite is true, as this Settlement exceeds the cash relief made available in other comparable data-breach settlements, even those that took longer and required more work. Notably, as a percentage of the cash fund, 13.08% is significantly below the percentages awarded in these other, large data-breach cases, which ranged from 19.4% – 28%. (Doc. #235 at 36 n.5). That the lower fee award produces a percentage below comparable cases persuades the Court that it is reasonably balancing these competing concerns.

A fee that produces a 5.6 multiplier is, therefore, neither *per se* unreasonable nor unreasonable under the facts of this case. The Court instead finds that a fee equal to $45,771,790.40

5

Case 4:21-md-03019-BCW    Document 263    Filed 01/16/25    Page 5 of 11

is reasonable under the Johnson factors, as a percentage of the fund, and pursuant to a lodestar crosscheck.

**II. Objector Hampe is Entitled to Attorneys' Fees and an Incentive Award.**

The Court is permitted to award attorneys' fees to an objector that produces a benefit to the class. See Rodriguez v. Disner, 688 F.3d 645, 658 (9th Cir. 2012) ("If these objections result in an increase to the common fund, the objectors may claim entitlement to fees on the same equitable principles as class counsel."); In re Domestic Air Transp. Antitrust Litig., 148 F.R.D. 297, 358 (N.D. Ga. Mar. 22, 1993). See also In re UnitedHealth Grp. Inc. PSLRA Litig., 643 F. Supp. 2d 1107, 1109 (D. Minn. 2009) (denying objectors' fees when they did not add value to the process). "It is within the discretion of the district court to choose which method to apply, as well as to determine the resulting amount that constitutes a reasonable award of attorney's fees in a given case." In re Life Time Fitness, Inc., Tel. Consumer Prot. Act (TCPA) Litig., 847 F.3d 619, 622 (8th Cir. 2017) (citation omitted).

Objector Hampe contends that she and her counsel "alone" are responsible for securing a $32,978,209 benefit to the class, which is the difference between the initial fee award and the reduced amount requested by Class Counsel following Objector Hampe's successful appeal. (Doc. #259 at 2). Objector Hampe requests approximately 8% of $32,978,209, which would result in an award of $2,647,859 in attorneys' fees. Id. at 3. Objector Hampe represents that her counsel and paralegal dedicated 668.2 hours to pursuing her objection resulting in a lodestar of $472,832.50 and a lodestar multiplier of 5.6. Id. at 5.

The Court rejects Objector Hampe's contention that she and her counsel "alone" are responsible for securing a $32,978,209 benefit to the class. The Court notes the Eighth Circuit rejected most of Objector's Hampe's arguments regarding attorneys' fees and post-remand the parties engaged in mediation with Chief Magistrate Judge Willie J. Epps, Jr. to reach a compromise

6

on attorneys' fees. However, given the structure of the settlement, in that qualified claimants will receive additional compensation on a pro rata basis if the value of the approved claims is less than the total value of the net Settlement Fund, the Court acknowledges that Objector Hampe played a role in securing an additional monetary benefit to the class.

As with fees awarded to a class counsel, the percentage or lodestar method may be used to determine whether an objector's attorney's request for fees is reasonable. As some courts have noted, the percentage method may be appropriate where the objector has generated monetary value for the class. See In re Easysaver Rewards Litig., No. 09-CV-02094, 2021 WL 230013, at *3 (S.D. Cal. Jan. 22, 2021) (awarding objector's attorneys $805,000, which was 25% of the increase to the class fund based on a reduction in class counsel attorney fees); In re Transpacific Passenger Air Transportation Antitrust Litigation, 2015 WL 4776946, at *2 (N.D. Cal. 2015) ("Given [Objector's] contribution to the Settlement Fund, the Court finds that an award of $90,000—less than 10% of the benefit she conferred—is appropriate here.").

Courts in the Eighth Circuit often focus on the most relevant Johnson factors in evaluating fee requests. See In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig., 364 F. Supp. 2d 980, 993 (D. Minn. 2005); see also Hardman v. Bd. of Educ. of Dollarway, Arkansas Sch. Dist., 714 F.2d 823, 825 (8th Cir. 1983). Here, the most relevant factors include the benefit to the class, the risk to which counsel were exposed, time and labor involved, and the comparison between the requested fee percentages and percentages in similar cases. The Court exercises its discretion to apply the percentage method and, upon consideration of the relevant Johnson factors, finds that the 8% fee of the $32,978,209 benefit to the class, is reasonable and warranted based on the following.

7

"In considering a fee award, the 'most critical factor' is 'the degree of success obtained.'" In re UnitedHealth Group Inc. PSLRA Litig., 643 F. Supp. 2d at 1104 (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). As previously discussed, as a part of mediation following the Eighth Circuit decision, Objector Hampe was successful in increasing the settlement fund. Objector Hampe's counsel took the case on a contingent-fee basis and appealed to the Eighth Circuit. The Court notes this involved some risk but that the risk to an objector's attorney is less than the risk to a class counsel given the narrower scope of representation for an objector. See Yarrington v. Solvay Pharms., Inc., 697 F. Supp. 2d 1057, 1062 (D. Minn. 2010) (recognizing the risk of receiving little or no recovery is a major factor in awarding attorney fees to a class counsel in case involving a motion to dismiss and motion for class certification) (quoting Xcel Energy, 364 F. Supp. 2d at 994); Park v. Thomson Corp., 633 F. Supp. 2d 8, 13 (S.D.N.Y. 2009) (recognizing the risk to an objector's attorney is less than the risk to class counsel).

Additionally, the Court finds the 668.2 hours Objector Hampe spent prosecuting her appeal reasonable. Indeed, Class Counsel projected that it would spend approximately 1,000 hours litigating any appeals. (Doc. #179 at 22). The proposed 8% fee sought by Hampe is within the range of reasonable attorneys' fees for objectors in cases like this one involving large funds. See e.g., In re Optical Disk Drive Prods. Antitrust Litig., No. 10-md-02143, 2021 U.S. Dist. LEXIS 171405, at *24 (N. D. Cal. Sept. 9, 2021) (awarding $1.5 million in fees as 7% of the benefit); Easysaver, 2021 WL 230013, at *3 (awarding $805,000 in fees as 25% of benefit). Hampe does not request any reimbursement for her expenses incurred in prosecuting her objection or appeal. This further demonstrates the reasonableness of the requested fee request. All told, the Court finds Hampe's requested award of attorneys' fees reasonable and supported by the Johnson factors.

8

Finally, the Court considers the lodestar crosscheck. Hampe's counsel represents it expended 668.2 hours on her objection and appeal, resulting in a lodestar of $472,832.50. (Doc. #259 at 5). The Court further finds that the hours and billing rates reported by Objector Hampe are reasonable. Objector Hampe's fee request results in a lodestar multiplier of 5.6, the same lodestar for Class Counsel.

Objector Hampe cites to Eighth Circuit decisions that support a multiplier of up to 5.6 for class counsel awards, but no Eighth Circuit caselaw regarding such a multiplier for an objector. Objector Hampe directs the Court to a Northern District of Illinois case where the district court awarded an objector a multiplier of 6, which the district court reduced from a multiplier of 9. See e.g. Eubank v. Pella Corp., No. 06-CV-4481, 2019 WL 1227832, at *9 (N.D. Ill. Mar. 15, 2019) (objector awarded approximately $1.2 million). The other two objector awards cited by Objector Hampe in support of the requested multiplier, were in the Optical Disk litigation in the Northern District of California and involved objectors receiving awards with multipliers of 2.87 – 2.99. See Optical Disk, 2021 U.S. Dist. LEXIS 171405, at *24 (objector awarded $625,000); In re Optical Disk Drive Prods. Antitrust Litig., No. 10-md-02143, 2022 U.S. Dist. LEXIS 151727, *20 (N.D. Cal. Aug. 22, 2022) (objector awarded approximately $1.5 million).

The Court in its discretion concludes that a multiplier of 2.8 is more appropriate in this case. Based on the aforementioned objector awards and Court's review of the objector awards in other cases, the Court finds that a multiplier of 2.8 is more in line with the multipliers for fees awarded to objectors. See e.g., McDonough v. Toys R Us, Inc., 80 F. Supp. 3d. 626, n.38 (E.D. Penn. 2015) (reducing requested multiplier by half to approximately 2.23); Easysaver, 2021 WL 230013, at *4 (1.62 multiplier); Dewey v. Volkswagen of America, 909 F. Supp. 2d 373, 397 (.44 – .47 multiplier); Lan v. Ludrof, No.1:06-CV-114-SJM, 2008 WL 763763, at *9, *30 (W.D. Pen.

9

Mar. 21, 2008) (approximately .31 multiplier). The Court also reaches this conclusion because Objector Hampe's counsel's involvement and contributions to the overall settlement were more limited than that of Class Counsel. See Lonardo v. Travelers Indem. Co., 706 F.Supp. 2d 766, 815-816 (N.D. Ohio 2010) (recognizing that an objector's role is limited compared to class counsel and declining to award a multiplier); Park, 633 F. Supp. 2d at 13 (same). Thus, Objector Hampe's fee award is $1,323,931.

Hampe additionally moves for an incentive award in the amount of $2,500 for the risks she assumed and the efforts required in serving as an objector. Incentive awards in class actions "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." Rodriguez v. West Publishing Corp, 563 F.3d 948, 958-59 (9th Cir. 2009); In re Regulus Therapeutics Inc. Sec. Litig., No. 3:17-CV-182-BTM-RBB, 2020 U.S. Dist. LEXIS 202787, 2020 WL 6381898, at *8 (S.D. Cal. Oct. 30, 2020) ("Incentive awards typically range from $2,000 to $10,000") (quotation omitted). Courts regularly award incentive awards to objectors for their work in bestowing material benefits to the class. See e.g., Optical Disk, 2022 U.S. Dist. LEXIS 151727, at *22; Optical Disk, 2021 U.S. Dist. LEXIS 171405, at *28; Easysaver, 2021 WL 230013, at *3-4.

In opposing class counsels' fee, Hampe was one of just a handful of objectors. She sat for a deposition and supervised the litigation through appeal. The requested $2,500 is within the ordinary range of reasonable incentive awards for objectors and class members alike. See e.g., Hawkins v. Kroger Co., No. 15cv2320 JM (AHG), 2022 U.S. Dist. LEXIS 20956, at *31 (S.D. Cal. 2022) (awarding plaintiff $7,000 incentive award); Optical Disk, 2022 U.S. Dist. LEXIS 151727, at *22 (awarding $5,500 incentive award to objector); Optical Disk, 2021 U.S. Dist.

LEXIS 171405, at *28. (awarding $1,500 incentive award to objector); Easysaver, 2021 WL 230013, at *3-4 (awarding $2,500 for objector's participation in the case); In re Apple Inc. Sec. Litig., No. 5:06-CV-05208-JF HRL, 2011 WL 1877988, at *5 (N.D. Cal. May 17, 2011) (awarding $1,000 incentive award to objector). Therefore, the Court also finds Hampe's incentive award request is reasonable. Accordingly, it is hereby

ORDERED Plaintiffs' Amended Motion for Attorneys' Fees is GRANTED. Plaintiffs shall be awarded attorneys' fees in the amount of $45,771,790.40. It is further

ORDERED Objector's Hampe's Motion for Attorneys' Fees and Incentive Award is GRANTED IN PART and DENIED IN PART. Objector Hampe shall be awarded attorneys' fees in the amount of $1,323,931. Objector Hampe shall be awarded an incentive award of $2,500.

IT IS SO ORDERED.

DATED: January 16, 2025                     /s/ Brian C. Wimes
                                            JUDGE BRIAN C. WIMES
                                            UNITED STATES DISTRICT COURT